899 So.2d 37 (2005)
Willie DAVIS
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 2004-CA-1023.
Court of Appeal of Louisiana, Fourth Circuit.
February 2, 2005.
Rehearing Denied March 15, 2005.
Adam S. Lambert, New Orleans, Counsel for Plaintiff/Appellant.
Jessica LaCambra, Assistant City Attorney, Sherry S. Landry, City Attorney, James B. Mullaly, Assistant City Attorney, New Orleans, Counsel for Defendant/Appellee.
Court composed of Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME.
*38 LOMBARD, J.
This appeal is from a Civil Service Commission decision dated May 26, 2004, regarding a disciplinary action imposed by the New Orleans Police Department ("the appointing authority") upon the plaintiff, Sergeant Willie Davis. After review of the record in light of the arguments of the parties and the applicable law, we reverse the Civil Service Commission decision.

Relevant Facts and Procedural History
On the evening of November 27, 2001, a domestic disturbance arose when Katrina Joseph, a girlfriend of Sgt. Davis, arrived at his apartment and encountered another of Sgt. Davis's girlfriends, Tokiwa Johnson. Both women were enraged and, in the ensuing squabble, a firearm belonging to Sgt. Davis was discharged into the air outside of his apartment. The New Orleans Police Department was called and, upon their arrival, Ms. Johnson told the police officers that Sgt. Davis fired the weapon. Ms. Joseph corroborated Ms. Johnson's statement. The officers informed Sgt. Davis that he was the subject of a criminal investigation for illegal discharge of a firearm. Sgt. Davis stated that he had not fired any weapon and that it was Ms. Johnson who discharged the firearm. When asked where his gun was located, Sgt. Davis stated that his service revolver was in his apartment. The firearm that had discharged, Sgt. Davis's personal weapon, was retrieved from under the seat of a rental car in Sgt. Davis's driveway.
Two days later, after the matter was turned over to the District Attorney's office, Ms. Joseph went to the District Attorney's office with her attorney and recanted her initial statement to the police. According to Ms. Joseph, it was Ms. Johnson, not Sgt. Davis, who fired the weapon. Ms. Joseph stated that Ms. Johnson asked her to lie to the police about the incident because she was on federal probation and that on the evening of the incident the women were not questioned separately by the police.
On June 24, 2002, the District Attorney's office refused to institute charges against Sgt. Davis. On July 11, 2002, the New Orleans Police Department forwarded the case file to the Office of Municipal Investigation ("OMI") for completion of the administrative investigation. The OMI agent completed his report on January 27, 2003, and on May 12, 2003, the administrative investigative report alleging violations of Departmental Rules and/or Procedures was submitted to the appointing authority. No requests for an extension of time to complete the investigation were filed and no explanation for the delay in completing and submitting the administrative investigative report is forthcoming.
Sgt. Davis was apprized of the charges against him and on August 20, 2003, a hearing was held. The following day, a letter was issued by the appointing authority notifying Sgt. Davis that he was suspended for a 15 day period and demoted from the rank of Police Sergeant to Police Officer for conduct which constituted a violation of departmental rules pertaining to Professionalism, Neglect of Duty, and False or Inaccurate Reports.
Sgt. Davis appealed the decision to the Civil Service Commission. A hearing was held before a Hearing Examiner on December 10, 2003, and January 13, 2004. On May 26, 2004, the Civil Service Commission issued a decision denying the appeal. Sgt. Davis appeals the decision of the Civil Service Commission, arguing that the Civil Service Commission erred in failing to grant his appeal based on the violation of La.Rev.Stat. 40:2531(B)(7). In the alternative, Sgt. Davis contends that his appeal should be granted because the appointing authority failed to prove its case *39 at the hearing and the procedural deficiencies of the investigation and hearing constituted a violation of his constitutional right to due process.

Discussion
The statute at issue in this case, La.Rev. Stat. 40:2531, provides in pertinent part:
B. Whenever a law enforcement officer is under investigation, the following minimum standards shall apply:
...........
Except as otherwise provided in this Paragraph, each investigation of a law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days. However, in each municipality which is subject to a Municipal Fire and Police Civil Service law, the municipal police department may petition the Municipal Fire and Police Civil Service Board for an extension of the time within which to complete the investigation. The board shall set the matter for hearing and shall provide notice of the hearing to the officer who is under investigation. The officer who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the board finds that the municipal police department has shown good cause for the granting of an extension of time within which to complete the investigation, the board shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the law enforcement officer under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity.
La. Rev.Stat.40:2531 (emphasis added).
The Commission acknowledges that the appointing authority violated La.Rev.Stat. 40:2531(B)(7) by failing to complete the investigation of a law enforcement officer within 60 days but opines that in accordance with Bannister v. Department of Streets, 95-0404 (La.1/16/96) 666 So.2d 641, the statutory language is directory, not mandatory, and that because the appellant's defense was not prejudiced, there is no basis for granting Sgt. Davis's appeal. We disagree with the Commission's interpretation of the statute.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9. The words of a law must be given their generally prevailing meaning. La. Civ.Code art. 11. The word "shall" is mandatory, not discretionary, and operates to impose an enforceable duty when addressed to public officials or where public or personal rights ought to be exercised or enforced. Blacks Law Dictionary, 6th Ed. (West 1990), p. 1375.
The Commission's reliance on Bannister as authority for finding the statutory language at issue to be merely directory, rather than mandatory, is misplaced. In Bannister, the Louisiana Supreme Court determined that a civil service procedural rule which provides that "[a]ppeals to the Commission shall be decided promptly, but in any event ninety (90) calendar days after .. receipt" of the hearing officers report and hearing transcript was directory, not mandatory, and, accordingly, a decision rendered beyond the ninety-day period in violation of the rule was not erroneous per se. In reaching this decision, *40 the Court considered the purpose and intent of the drafters of Civil Service Rule II, § 4.16, finding as follows:
As disclosed by its introductory clause, the purpose of Rule II, § 4.16 is to assure that the Commission promptly renders decisions in its appeals. Additionally, the provision states that such determinations are to be rendered "in any event" within ninety days after receiving the hearing officer's work. The secondary nature of this added clause, although seemingly couched as an imperative, discloses an intent merely to guide the Commission in its duties by proposing system and dispatch in its proceedings. Furthermore, the auxiliary verb "shall" is clausally and directly linked with "be decided promptly," the primary facet of the rule, rather than with the language concerning the ninety-day period self-imposed by the Commission. We thus read the indicated time specification to amplify the rule's stated purpose, but, nevertheless, to be merely directory in nature.
In reaching that conclusion, we are also impressed by the fact that Rule II, § 4.16 relates solely to the Commission's own actions. Understandably, once litigants in a civil service proceeding present their case, its resolution is then placed beyond their control and into the hands of the administrative body. Yet, the mandatory application of the rule in question would cause the parties to win or lose simply as a result of unintended actions  even neglect  by that agency. Such an outcome, rather than fostering decisions based on the merits, would allow sheer technicalities to defeat actual justice.
Bannister, 666 So.2d at 646 (citation omitted).
By contrast, as disclosed by its introductory clause, La.Rev.Stat. 40:2531(B)(7) provides the minimum standards that must be adhered to when a law enforcement officer is under investigation. Moreover, the mandatory nature of La.Rev.Stat. 40:2531(B)(7) is clearcut: each investigation shall be completed within 60 days; a request for an extension of the 60-day time period shall be set for hearing and the officer under investigation shall be provided notice and an opportunity to contest an extension of time; if good cause is shown for the granting of an extension of time, an extension of up to sixty days shall be granted. Accordingly, even where a continuance is granted for good cause shown, the Louisiana Legislature has mandated that an investigation of a police officer must be completed within one hundred and twenty days. Finally, Chapter 25, entitled "Rights of Law Enforcement Officers While Under Investigation", La. Rev. Stats. 40:2531-2535, is often referred to as the Police Officer's Bill of Rights, and its purpose is to protect the due process rights of law enforcement officers "who are under investigation with a view to possible disciplinary action, demotion, or dismissal." Thus, whereas the civil service rule at issue in Bannister was promulgated by the Civil Service Commission to ensure administration of its system in an orderly and efficient manner, the Police Officer's Bill of Rights was drafted by the state legislature to ensure that law enforcement officers under investigation are afforded minimum standards of due process.
In this case, it is undisputed that the investigation went well beyond both the mandated initial sixty-day period and the maximum allowable one-hundred-and-twenty-day period[1]. No extension was requested *41 and Sgt. Davis was not notified of the continuing investigation or given an opportunity to object to the delay in resolving the matter. Under these circumstances, we find that the violation of La.Rev.Stat. 40:2531(B)(7) is a basis for granting Sgt. Davis's appeal.

Conclusion
The Civil Service Commission was clearly erroneous in failing to grant appellant's appeal based on the violation of La.Rev. Stat. 40:2531(B)(7). Accordingly, the decision of the Commission is reversed and the appeal filed by Sgt. Davis is granted.
REVERSED.
NOTES
[1] The criminal investigation ended on June 24, 2002, when the District Attorney's office refused to institute charges against Sgt. Davis and the matter was transferred to the OMI to complete the administrative investigation. The administrative investigation was not completed for another eleven months. Because the period relating solely to the administrative investigation after completion of the criminal investigation extended well beyond the statutory sixty-day period we need not address whether the statutory period was tolled by the criminal investigation.