938 So.2d 217 (2006)
Stephen DUNN
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 2006-CA-0044.
Court of Appeal of Louisiana, Fourth Circuit.
August 9, 2006.
Frank G. Desalvo, Desalvo Desalvo & Blackburn, APLC, New Orleans, LA, for Plaintiff/Appellee.
Victor L. Papai, Jr., Assistant City Attorney, Heather M. Valliant, Assistant City Attorney, Joseph V. Dirosa, Jr., Chief Deputy City Attorney, Penya M. Moses-Fields, City Attorney, Allison Ward, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge LEON A. CANNIZZARO JR.).
JOAN BERNARD ARMSTRONG, Chief Judge.
The defendant-appellant, the New Orleans Police Department (NOPD), appeals a decision of the Civil Service Commission reinstating the plaintiff-appellee, Sergeant Stephen Dunn, with all back pay, thereby reversing the NOPD decision to dismiss *218 him along with a twenty working-day suspension.
The facts are not in dispute. Basically, the NOPD took disciplinary action against Sergeant Dunn because he and his wife, who is not an NOPD employee, took two NOPD vehicles on a personal vacation trip to Florida, contrary to NOPD rules and City of New Orleans policy.
The Civil Service Commission reversed, based on the undisputed finding that the internal investigation into the matter exceeded sixty days contrary to La. R.S. 40:2531B(7), which provides in pertinent part that:
Except as otherwise provided in this Paragraph, each investigation of a law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days.... [Emphasis added.]
The NOPD's only argument is a legal one: that the language appearing to mandate the completion of the investigation within sixty days was intended to be directory in nature rather than compulsory. The NOPD recognizes that this Court has already ruled to the contrary in Davis v. New Orleans Police Department, 04-1023 (La.App. 4 Cir. 2/2/05), 899 So.2d 37, writ denied, 05-0941 (La.5/20/05), 902 So.2d 1057, but asks this Court to overrule that prior decision. The NOPD must look to the legislature to change the statute if a different result is to be reached in future cases.
This result is consistent with the result reached in Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641, and Christoffer v. New Orleans Fire Department, 99-2658 (La.App. 4 Cir. 3/15/00), 757 So.2d 863.
In Bannister, the Supreme Court found that the rule that the Civil Service Commission "shall" decide appeals within ninety days to be directory rather than mandatory as the purpose of the law "is the protection of the government by guiding its officials rather than granting rights to affected private citizens." Id., at p. 5, 666 So.2d at 646.
This observation by the Supreme Court in Bannister must be contrasted with the intent of the 60-day investigative period in the instant case which was designed to protect the interests of "affected private citizens" in the persons of individual police officers according to the legislative history which the NOPD was kind enough to annex to its brief. The origins of the 60-day limit can be found in the following testimony before the Louisiana Legislature in 2001 in connection with House Bill No. 1847:
Mr. Noel Salamoni, representing Baton Rouge Police Union, P.O. Box 4352, Baton Rouge, La 70021, testified in support of the bill. He explained that internal affairs investigations are open-ended and can leave an officer under a cloud of suspicion for an indeterminate period of time. He said the proposed bill would require an internal investigation of a law enforcement officer to be completed within a specified amount of time.
Thus, the purpose of the law is to protect "affected private citizens," i.e., police officers, from abusive open-ended investigations. Therefore, we read the Supreme Court's reasoning in Bannister as supportive of the mandatory interpretation of the 60-day limit now before this Court.
For the same reason, we find no conflict with this Court's prior decision in Christoffer which cites to Bannister concerning the significance of determining whether the purpose of the law is the protection of the government rather than granting rights to affected private citizens when deciding whether the law should be given a mandatory *219 as opposed to a directory effect. Christoffer, p. 3, 757 So.2d at 866.
The NOPD does not contend that the legislature does not have the authority to create a mandatory 60-day limit. Therefore, until such time as the legislature chooses to amend this limit we are compelled to give it a mandatory construction.
For the foregoing reasons, the ruling of the Civil Service Commission is affirmed.
AFFIRMED.