943 So.2d 1028 (2006)
William MARKS
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 2006-C-0575.
Supreme Court of Louisiana.
November 29, 2006.
*1029 Penya M. Moses-Fields, City Attorney, Joseph V. DiRosa, Jr., Chief Deputy City Attorney, James B. Mullaly, Heather M. Valliant, Assistant City Attorneys, for Applicant.
Eric J. Hessler, for Respondent.
Claude A. Schlesinger, New Orleans, Chester Theodore, III, for amicus curiae, Louisiana State Fraternal Order of Police.
*1030 Gilbert R. Burras, for amicus curiae, Civil Service Commission for the City of New Orleans.
WEIMER, Justice.
A police officer accused of misconduct was terminated by the police department beyond the sixty-day statutory period for conducting an investigation. The Civil Service Commission upheld the discipline imposed. However, the court of appeal reversed (which had the effect of dismissing the investigation and reinstating the officer), finding the police department circumvented the statutory "minimum standards" by not acting within the sixty-day period.
Before the court for consideration is the language of LSA-R.S. 40:2531(B) which specifies minimum standards to be applied during investigations of law enforcement officers. Although the statute provides, in part, investigations shall be concluded within sixty days, the statute does not contain a penalty provision. For reasons that follow, we hold where no prejudice is shown due to the delay and because the legislature has not established a penalty of dismissal statutorily, the court should not do so jurisprudentially. It is not the function of the judicial branch in a civilian legal system to legislate by inserting penalty provisions into statutes where the legislature has not done so. Because the statute does not include a penalty and no prejudice has been demonstrated, summary dismissal of the charges is not statutorily mandated if the investigation is not concluded within sixty days. The decision of the court of appeal is reversed and this matter is remanded for consideration of plaintiff's additional assignments of error which were pretermitted by the appellate decision.

FACTS AND PROCEDURAL BACKGROUND
Sergeant William Marks, a New Orleans police officer with permanent status, was disciplined for an incident which occurred on November 1 and 2, 2002. The record reflects that Marks left New Orleans in an unmarked police vehicle assigned to another officer under his command. He took the vehicle out of state without permission and traveled to Wisconsin to pick up his girlfriend. Upon arrival, he picked up his girlfriend and her friend. On the return trip, he was stopped for speeding by an Illinois State Police Officer. A traffic citation was issued. Following this incident, the New Orleans Police Department accused Marks of several violations, including failure to adhere to the law, untruthfulness, lack of professionalism, abuse of position, transporting citizens, immoral conduct, failure to perform duties, and abuse of power for not reporting the incident to the police department and for asking the Illinois trooper not to report the incident.
An investigation commenced on November 12, 2002. On January 13, 2003, just beyond the sixty days provided by LSA-R.S. 40:2531(B)(7)[1], the investigating *1031 officer sought an extension of time from his supervisor to complete the investigation. That extension was denied. No request for an extension was made to the Civil Service Commission as outlined by the statute. The case was referred to the District Attorney for the Parish of Orleans on March 19, 2003, for consideration of criminal charges, but the matter was "refused" by the District Attorney; the New Orleans Police Department received notification of that decision on July 3, 2003. On August 12, 2003, the complete report was turned in to the Chief of Police.
During the investigation, Marks was reassigned from his former duties and was not allowed to work details or any overtime. The administrative reassignment lasted almost a year  from November 2002 until his termination on October 2, 2003.
By letter dated October 2, 2003, Marks was notified of the disciplinary action. He was suspended for a total of seventy-five days for failure to adhere to the law, untruthfulness, lack of professionalism, abuse of position, transporting citizens, immoral conduct, and failure to perform duties. He was also terminated for an abuse of power for not reporting the incident to the New Orleans Police Department and for asking the state trooper not to report the incident. The letter signed by Edwin P. Compass, III, Superintendent of Police, also notified Marks of his right to appeal to the Civil Service Commission for the City of New Orleans within thirty days from the date of the letter.
Marks appealed and the matter was assigned for hearing. Following the hearing conducted on December 3 and 4, 2003, the Hearing Examiner recommended the suspension be upheld, but found the termination unjustified. Procedurally, the matter was then presented to three civil service commission members for review. The commission members reviewed the Hearing Examiner's report, a copy of the transcript, and the documentary evidence.
On appeal to the Commission, Marks argued the investigation was not completed within sixty days as required by LSA-R.S. 40:2531(B)(7). The Commission reopened the hearing and directed the Hearing Examiner to take evidence and make a report on the effect on this case of the police department's non-compliance with the statutory sixty-day period. Following the hearing, the Hearing Examiner concluded that there was no evidence to establish that Marks had been prejudiced in preparing or presenting a defense to the charges filed against him because of the delay in the investigation and violation of the sixty-day rule. The Hearing Examiner found the rule to be directory rather than mandatory. The Civil Service Commission agreed with the Hearing Examiner's conclusion and ruled that failure to conduct the disciplinary investigation within sixty days was not fatal to the disciplinary action because Marks was not prejudiced by the delay. The Commission concluded that "[c]onsidering the totality of the circumstances in this matter, we find the appointing authority has proven *1032 its case against appellant on all charges and that his conduct reflects very badly on the integrity and efficiency of the New Orleans Police Department." The Civil Service Commission denied the appeal, upholding the suspension and the termination.
Marks then appealed the decision of the Civil Service Commission to the court of appeal. Finding the appointing authority circumvented the "minimum standards" by not complying with the sixty-day period prescribed by the legislature, the court of appeal reversed the judgment of the Civil Service Commission. Marks v. New Orleans Police Department, 05-0307, (La. App. 4 Cir. 2/8/06), 925 So.2d 622. The New Orleans Police Department filed a writ application with this court which was granted. Marks v. New Orleans Police Department, 06-0575 (La.5/26/06), 930 So.2d 6.
The appellate court noted it had interpreted the language of this statute in Davis v. New Orleans Police Department, 04-1023 (La.App. 4 Cir. 2/2/05), 899 So.2d 37, writ denied, 05-0941 (La.5/20/05), 902 So.2d 1057.[2] In Davis, the court held the New Orleans Police Department's violation of the sixty-day time limit for investigations was grounds for reversing the disciplinary action resulting from the investigation. In this case, the police department argued the court should reconsider its holding in Davis that strictly construes the sixty-day time limit because the decision is contrary to the decision of this court in Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641.[3]
The court of appeal found the facts of this case and that of the Davis case were distinguishable from the facts presented in Bannister. Most notably, the court stated the rule in Bannister was a civil service rule promulgated by the Civil Service Commission that related "solely to the Commission's own actions." Davis, 04-1023 at 5, 899 So.2d at 40.
Although the court of appeal recognized that "the charges against Marks [were] serious in nature," the court considered itself bound by the language of the statute as enacted by the legislature. The decision of the Civil Service Commission was reversed by the court of appeal.[4]
Contentions of the New Orleans Police Department
The New Orleans Police Department argues that violation of the sixty-day rule *1033 does not deprive an employee of a vested property interest in his employment. The Department further argues it is important to determine whether the employee has been prejudiced by the delay and whether the general public's interest outweighs the individual employee's interest. Failure to adhere to the sixty-day rule caused no prejudice and was not a violation of any constitutionally protected due process right. Marks was notified of the discipline against him and given an opportunity to present his case on the merits. He failed to show he was prejudiced by the extended investigation. In this case, after a further hearing, the Civil Service Commission specifically and properly found Marks was not prejudiced by the delay and recognized that failure to conduct the disciplinary investigation within sixty days was not fatal to the disciplinary action.
The Department argues the decision by the court of appeal finding the sixty-day rule mandatory thwarts the fundamental purpose of the civil service system which is to provide a system for the State and its municipalities to insure efficiency in governmental operations by providing security of employment. Such a system enables the State or municipality to take advantage and reap the benefits of experience gained by employees of long service. New Orleans Firefighters Association v. Civil Service Commission of the City of New Orleans, 422 So.2d 402, 410 (La.1982); see also Vidrine v. State Parks and Recreation Commission, 169 So.2d 641, 645 (La. App. 1 Cir.1964), application denied, 247 La. 348, 170 So.2d 867 (1965).
In New Orleans Firefighters Association, this court recognized that civil service was designed to abrogate the "spoils system" whereby public employees were selected for employment and promotion, not on the basis of merit or qualifications for the position, but as rewards for faithful political activity and service. New Orleans Firefighters Association, 422 So.2d at 410. Thus, the Department argues the civil service protections afforded to classified employees also serve to protect the public interest. As this court recognized in Bannister, the appointing authority is charged with the responsibility of taking disciplinary action against an employee for impairing the efficiency of public service. To concentrate solely on the possible prejudice to the employee for any delayed decision ignores the rights and duties of the appointing authority to protect the public. Bannister 95-0404 at 7, 666 So.2d at 646. The Department argues weighing the possible prejudice to the employee with the rights and duties of the appointing authority is particularly important with regard to the police department because the public expects the police to act as guardians of its safety. See Stevens v. Department of Police, XXXX-XXXX, p. 8 (La.App. 4 Cir. 5/9/01), 789 So.2d 622, 627.
The Department also urges egregious behavior could stall an investigation, and one who commits serious misconduct could avoid discipline and remain on the force. Citing Bannister, the Department argues that applying the sixty-day rule as mandatory "would allow [mere] technicalities to defeat actual justice." The Department also argues that the absence of a statutory penalty "generally indicates a discretionary intent by the drafters." Bannister, 95-0404 at 6, 666 So.2d at 646. The department notes the drafters did not provide a penalty for violating the sixty-day rule.[5]
*1034 Contentions of William Marks
In response, Marks argues the court of appeal correctly determined that the language of LSA-R.S. 40:2531(B)(7) and the obvious intent of the statute mandate that any disciplinary action which results from the violation of such basic rights be overturned. The appellate court found the rule at issue in Bannister was found to be directory because its purpose was the "protection of the government by guiding its officials rather than granting rights to affected private citizens." Bannister, 95-0404 at 5, 666 So.2d at 646. Marks argues the legislative history establishes that the sixty-day rule is mandatory and not directory. The purpose of the statute is the protection of the rights of police officers. The enacting clause sets forth the legislative intent to establish rights of law enforcement officers by providing procedures and standards to apply during the investigation. The statute establishes "minimum standards" that "shall apply" to the investigation. Additionally, the statute expressly provides a procedure to use if more time is needed for the investigation. Marks further argues the statute provides rights to both the accused officer and the appointing authority when an officer is accused of administrative wrongdoing. The words of the statute are clear and unambiguoususing the word "shall"and no further interpretation of the legislative will is required.
In brief to this court, Marks argues:
The New Orleans Police Department is tasked with the [difficult and demanding] responsibility of enforcing the laws and protecting and serving the citizens . . . of this city. The efficiency and credibility of the department is certainly placed in jeopardy when, because of their refusal to conform with the requirements of law, . . . offenders are allowed to go unpunished.
Public policy demands that the police department do everything in it's [sic] power to insure that officers who violate the administrative rules of the police department are held accountable. Public policy also demands that the police department act within the confines of the law of this state, not only when investigating citizens, but also as it applies when investigating police officers.
The image of the police department is no less diminished when it violates the rights of the citizens on the street as it is when it violates the rights of a police officer. The credibility and image of the New Orleans Police Department could only be enhanced by conducting itself in a manner which conforms with the laws and protects the rights of all who are investigated or accused.
. . . .
The public benefits from the mandatory application [of] La. R.S. 40:2531 when it is a properly utilized, in that it can be assured that those officers who are accused of administrative wrongdoing are investigated as quickly as possible, and if the investigation reveals wrongdoing, that the offending police officer is disciplined as soon as possible.
Thus, Marks argues both the public and the police department benefit from the efficient investigation and timely discipline of offending officers. Failure of the department to follow the mandates of LSA-R.S. 40:2531 without explanation only serves to undermine confidence of the public in its police department. When the public makes a complaint of wrongdoing *1035 against an officer and the department makes no real effort to investigate or pursue the allegations, the delay causes a chilling effect on the potential for others to come forward in similar circumstances.
Marks further contends no explanation was given for failing to complete the investigation timely. Likewise, no extension of the investigative period was requested. Rights of the accused officer matter most when the accused officer is innocent of the allegations or falsely accused. For the department to allow a hardworking officer to suffer under such circumstances for an undetermined period of time while ignoring the rights afforded to him is unconscionable and undermines the working conditions of other hardworking officers who witness such abuses.[6]

DISCUSSION
While the arguments of the parties focus primarily on whether the statute requires a mandatory or directory interpretation, we find the fact that the legislature did not include a penalty in the statute for non-compliance with the sixty-day period to be more significant. Certainly, the statute does not provide, nor suggest, that the remedy for non-compliance with the sixty-day period is dismissal of the disciplinary action.
Generally, statutes using mandatory language prescribe the result to follow (a penalty) if the required action is not taken. If the terms of the statute are limited to what is required to be done, i.e., procedural rules, then the statute is considered directory even though mandatory language is employed. Bannister, 95-0404 at 5, 666 So.2d at 646; Sanders v. Department of Health & Human Resources, 388 So.2d 768, 770 (La.1980). Provisions designed to secure order, system, and dispatch by guiding the discharge of duties are usually construed as directory even if worded in the imperative. Id., 388 So.2d at 770.
In a recent decision interpreting the New Home Warranty Act (NHWA), LSA-R.S. 9:3141, et seq., this court held the NHWA provides the exclusive remedies, warranties, and peremptive periods between the builder and owner relative to new home construction. In that case the builder failed to give the owners notice of the NHWA's requirements and the homeowners were attempting to recover damages outside the provisions of the NHWA. The statute did not provide a penalty for failure of the builder to provide the home-owners with notice. Although the statute is written with mandatory language requiring the builder to provide notice to the homeowner, the statute does not provide a penalty for the builder's failure to do so. This court refused to provide a penalty, holding "it is not the function of the judicial branch in a civilian legal system to legislate by inserting penalty provisions into statutes where the legislature has chosen not to do so." Carter v. Duhe, 05-3090, p. 10 (La.1/19/06), 921 So.2d 963, 970.
Marks contends that the statutory provision provides the officer with certain rights, including the right that the investigation be completed within sixty *1036 days.[7] While this contention is correct, the statute does not establish a penalty for non-compliance and in the absence of prejudice, we cannot supply a penalty. As such, imposing the penalty of dismissal, as the court of appeal did in this matter, is not statutorily authorized.
When LSA-R.S. 40:2531 was enacted, the legislature did not provide a penalty for failure of the investigating authority to complete the investigation within the allotted sixty-day time frame. During Marks' appeal, the Civil Service Commission properly remanded this matter to the Hearing Examiner to determine whether the police department's failure to complete the investigation within the sixty days allotted had a prejudicial effect on Marks. Following a hearing, it was determined that Marks had not been prejudiced in preparing or presenting a defense to the charges filed against him. Taking these facts into consideration, the Commission concluded the department had proven its case against Marks.
We find the failure to comply with the statutory sixty-day time period does not require summary dismissal of a disciplinary action. We do find evidence of failure to comply with the sixty-day period is relevant as to whether the appellant is prejudiced by that failure. A failure to comply with the sixty-day time period may impact whether discipline should be imposed or the type of discipline imposed if prejudice to the officer is demonstrated due to the delay. The Civil Service Commission properly remanded this matter to the Hearing Examiner to determine whether the failure to comply with the sixty-day period prejudiced Marks. It was determined he was not prejudiced.
Although Marks complains in brief that he was reassigned for almost a year and was unable to work overtime or paid details during that time, nothing prevented him from seeking remedial action when the appointing authority did not complete the investigation timely. Civil Service Rules grant the Commission authority to remedy an unauthorized loss by the employee by awarding back pay, reinstating benefits, and modifying disciplinary action in order to rectify any prejudice suffered by the employee from a delayed ruling in the *1037 employee's favor. See La. Const. art. X, § 12; Rules of the Civil Service Commission, City of New Orleans, Rule II, § 4.16; Bannister, 95-0404 at 7, 666 So.2d at 646-647.
The sixty-day period provided in the statute aspires to serve the interests of the accused officer, the police department, and the public. An officer wrongfully accused should be exonerated promptly. A police officer who engages in inappropriate conduct is an aberration and should be disciplined promptly. The statute provides a time frame within which to complete the investigation, but does not provide a penalty for failure to do so. As in Carter, supra, we defer to the legislature and decline to impose the Draconian penalty of summary dismissal of the disciplinary action where no penalty is provided in the statute and no prejudice is demonstrated due to the delay.[8]

CONCLUSION
For the foregoing reasons, the decision of the appellate court is reversed and the matter remanded for consideration of appellant's other assignments of error.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 40:2531(B)(7) provides:

B. Whenever a law enforcement officer is under investigation, the following minimum standards shall apply:
. . . .
(7) Except as otherwise provided in this Paragraph, each investigation of a law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days. However, in each municipality which is subject to a Municipal Fire and Police Civil Service law, the municipal police department may petition the Municipal Fire and Police Civil Service Board for an extension of the time within which to complete the investigation. The board shall set the matter for hearing and shall provide notice of the hearing to the officer who is under investigation. The officer who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the board finds that the municipal police department has shown good cause for the granting of an extension of time within which to complete the investigation, the board shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the law enforcement officer under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity.
[2] Davis is no longer sound authority given our ruling in this matter.
[3] In Bannister, this court held that a civil service rule, although couched in mandatory terms requiring the Commission to render its decision within ninety days of receiving the hearing officer's report, was merely directory in nature. This court noted the rule related solely to the Commission's own actions and did not set forth the result to follow a failure to comply. This court also noted that neither party had been properly forewarned or given an opportunity to avoid the unknown consequences which might follow from the Commission's failure to act. Bannister, 95-0404 at 6 and 7, 666 So.2d at 646.
[4] We note that the court of appeal has recently affirmed a decision by the Civil Service Commission in the matter of Dunn v. New Orleans Police Department, 06-0044, (La.App. 4 Cir. 8/9/06), 938 So.2d 217, in which the Civil Service Commission reversed the disciplinary action taken against an officer for failure of the department to complete its investigation within the time allotted by LSA-R.S. 40:2531. The Civil Service Commission cited and followed the decision in Davis, supra.

Acknowledging its decision in Davis, the court of appeal indicated the New Orleans Police Department must look to the legislature to change the statute if a different result is to be reached in future cases. Dunn, 06-0044 at 2, 938 So.2d at 218.
The New Orleans Police Department has applied to this court for writ of certiorari.
[5] As amicus, the Civil Service Commission, although not a party, argued that if the sixty-day rule is mandatory as opposed to directory, and can result in discipline being avoided for failure to timely conclude the investigation, then the legislature exceeded its authority and the statute would, thus, be unconstitutional. The issue of the constitutionality of the statute was not raised below. Therefore, that issue is not properly before this court. Vallo v. Gayle Oil Company, Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-865.
[6] In an amicus brief to this court the Civil Service Commission argues the statute does not create or extinguish rights. It merely establishes deadlines. The Commission further argues that a statute imposing procedural deadlines should be given mandatory or directory meaning depending on an analysis of its purpose. See Bannister, 95-0404 at 5, 666 So.2d at 646. Laws directed to government officials are considered differently from those granting rights to private citizens. The Commission argues the statute should be given directory effect. As indicated in footnote 5, the Commission also made a constitutional argument.
[7] Amicus Fraternal Order of Police suggests that the due process clause is implicated by the failure to complete the investigation timely. The essential requirements of due process are notice and an opportunity to respond before one is deprived of a vested right. See Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985); Wilson v. City of New Orleans, 479 So.2d 891, 901 (La.1985). In this matter, Marks was provided notice and an opportunity to be heard prior to being subjected to discipline on the issue of the delay in completing the investigation. As indicated, the Civil Service Commission reopened Mark's hearing for the Hearing Examiner to take evidence and report on the effect upon his case of non-compliance with the sixty-day rule by the police department. After a hearing, no prejudice was found. Marks had sufficient opportunity to initially present his case on the merits and then another opportunity to show prejudice by the extended investigation when the hearing was reopened. Based on these hearings, the due process clause was not violated.

Nevertheless, our ruling should not be construed as sanctioning delays, especially since the statute provides for a procedure to seek an extension for conducting an investigation. A delay beyond the statutorily established sixty-day period which unfairly prejudices the officer may well implicate the due process clause. As stated in Driscoll v. Stucker, 04-0589, p. 13 (La.1/19/05), 893 So.2d 32, 43:
Due process is an elusive concept. Its exact boundaries are undefinable, and its content varies according to specific factual contexts. As a generalization, it can be said due process embodies the differing rules of fair play which through the years have become associated with differing types of proceedings. [Citations omitted.]
[8] We note for the sake of completeness that the last sentence of LSA-R.S. 40:2531(B)(7), which provision is quoted in full at footnote 1, provides: "Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity."

This sentence was not addressed in the context of these proceedings, and we express no opinion as to its applicability.