GORBATY, J.,
dissenting.
hi respectfully dissent. La. R.S. 9:345(B) provides:
The court shall appoint an attorney to represent the child if, in the contradictory hearing, any party presents a prima facie case that a parent or other person caring for the child has sexually, physically, or emotionally abused the child or knew or should have known that the child was being abused.
A prima facie case that the father was sexually abusing the daughter was made. Because the language of La. R.S. 9:345(B) is mandatory, an attorney should have been appointed to represent the daughter. As such, the trial court erred in denying the father’s motion to have an attorney appointed for the daughter. The majority reasons that once an attorney is appointed for the daughter, she will have the opportunity to file a motion for a new trial. I disagree that this potential remedy provides a cure. Further, this failure to comply with a mandatory statutory requirement cannot be overlooked in the interest of judicial economy. Since the mandatory language was ignored, and no attorney was appointed, the entire judgment should be vacated, and this matter should be remanded for a new trial.
Marks v. New Orleans Police Department, 06-0575 (La.11/29/06), 943 So.2d 1028, relied upon by the majority, is inapplicable to the case at hand. In Marks, a police officer accused of misconduct was terminated by the police department beyond the sixty-day statutory period for conducting an investigation. The Louisi *1046 ana Supreme Court held that the statute did not establish a penalty for | gnoncompliance, and the court could not supply one by dismissing the disciplinary action. In the instant case, I would not dismiss the suit, but rather would vacate the judgment and remand it for a new trial to be conducted, with an attorney appointed to represent the minor child. Reversal, remand, and vacation of judgments are functions of the judicial branch and well within this court’s power. These actions do not constitute an attempt to “legislate by inserting penalty provisions into statutes where the legislature has chosen not to do so,” 06-0575, p. 11, 943 So.2d at 1035, as the Louisiana Supreme Court ruled had occurred in Marks. Accordingly, for these reasons, I would vacate the judgment and remand this matter for a new trial, without reaching a decision on the other issues presented in the appeal.