Dear Mr. Boudreaux:
You have asked this office to advise when an investigation of an officer begins and when the investigation is concluded under the police officer's bill of rights, R.S. 40:2531, and under the statutes governing fire employees' rights, R.S. 33:2181, in light of recent legislative amendments to both statutes.
 I. POLICE OFFICER'S BILL OF RIGHTS
R.S. 40:2531 specifies minimum standards to be applied during investigations of law enforcement officers. The former language of R.S.40:2531 (B)(7) provided that "each investigation of a law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days". Although the statute provided that investigations "shall be concluded within sixty days", the statute did not contain a penalty provision for failure of the investigating authority to complete the investigation within the allotted sixty-day time frame.
In Marks v. New Orleans Police Department, 943 So.2d 1028 (La. 2006), the Louisiana Supreme Court discussed the nature of a statutory mandate that does not provide a penalty for non-compliance with the mandate. At issue in Marks was the effect of the failure of the police department to comply with the statutory sixty-day time period of R.S. 40:2531 (B)(7) for conducting an investigation of a law enforcement officer. The Supreme Court held that "the fact that the legislature did not include a penalty in the statute for non-compliance with the sixty-day period to be more significant" than whether the statute required a mandatory or directory interpretation. 943 So.2d at 1035. The Supreme Court concluded that "certainly, the statute does not provide, nor suggest, that the remedy for non-compliance with the sixty-day time period is dismissal of the *Page 2 
disciplinary action." Id. The Court in Marks additionally stated: "Generally, statutes using mandatory language prescribe the result to follow (a penalty) if the required action is not taken. If the terms of the statute are limited to what is required to be done, i.e., procedural rules, then the statute is considered directory even though mandatory language is employed." Id. Finally, the Court quoted Carter v. Duhe,921 So.2d 963, 970 (La. 2006), in affirming that "it is not the function of the judicial branch in a civilian legal system to legislate by inserting penalty provisions into statutes where the legislature has chosen not to do so." 943 So.2d at 1035.
The Court in Marks held that, because R.S. 40:2531 contained no penalty provisions, the failure of the police department to comply with the statutory sixty day time period for conducting an investigation of a law enforcement officer did not require a summary dismissal of the disciplinary action.
In response to Marks, the legislature has changed the law. Acts 91 and258 of the 2007 Regular Legislative Session, effective August 15, 2007, amended 40:2531 (B)(7) to require that, when a written complaint is made against an officer, "the chief of police or his authorized representative shall initiate an investigation within fourteen days of the date the complaint is made". The statute retains the requirement that "each investigation of a law enforcement officer. . . . shall be completed within sixty days" [except in cases in which the municipality is subject to Municipal Fire and Police Civil Service Law, in which case those departments may ask for an extension from the Police Civil Service Board — see R.S. 40:2531 (B)(7)].
Significant is the new penalty provision in R.S. 40:2531 (C) created in Act 258:
 C. There shall be no discipline, demotion, dismissal or adverse action of any sort taken against a law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal or adverse action of any sort whatsoever taken against a law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity. (Emphasis added).
R.S. 40:2531 now mandates that an investigation be initiated within fourteen days of a written complaint filed against a police officer; further, the investigation must be completed within sixty days. Because the statute now contains the penalty provision of "absolute nullity" regarding a disciplinary action which is not compliant with the terms of the statute, a disciplinary action against a police officer must be dismissed if the investigation is not completed within the sixty-day time frame. *Page 3 
The reasoning expressed in Marks would require such a conclusion. The Court interpreted the language of R.S. 40:2531 to be directory only because the statute lacked a penalty provision, even though the statute then required that an investigation "shall be completed within sixty days". Now that the statute has a penalty provision of "absolute nullity" regarding a non-compliant disciplinary action, under the holding of Marks, the language of the statute is mandatory.
 FIRE EMPLOYEES' RIGHTS
Act 258 of the 2007 Regular Legislative Session amended R.S. 33:2181, the statute relative to the rights of fire employees while under investigation, to include the following penalty provisions at Subsection (C):
 C. No fire employee shall be disciplined, demoted, dismissed or be subject to any adverse action unless the investigation is conducted in accordance with this Subpart. Any discipline, demotion, dismissal or adverse action of any sort taken against a fire employee without complete compliance with the provisions of this Subpart is an absolute nullity.
(Emphasis added).
R.S. 33:2186(A) requires that an "investigation of a fire employee which is conducted pursuant to this Subpart shall be completed within sixty days". Failure to comply with the sixty-day time limitation now renders disciplinary action against a fire employee an "absolute nullity".
While the legislature provided a specific time frame for the initiation of an investigation against a police officer (within fourteen days of the written complaint), such language is absent from the statutes pertaining to fire employees. In the instance of the fire employees, the question of "at what point does an investigation begin?" remains. We rely on previous opinions of this office which address the issue. In Opinion 93-52, this office stated:
 Black's Law Dictionary defines the term as the process of inquiring into or tracking down through inquiry. Black's further defines the term "investigate" as follows: "To follow up step by step by patient inquiry or observation. To trace or track; to search into; to examine and inquire into with care and accuracy; to find out by careful inquisition; examination; the taking of evidence; a legal inquiry."
According to the reasoning expressed in Opinion 93-52, if circumstances concerning the conduct of a fire employee "require a close study or systematic inquiry into a situation", the protections afforded a fire employee under R.S. 33:2181 apply. It is the opinion of this office that an investigation of a fire employee begins when an authorized person starts to make inquiries or collect *Page 4 
evidence concerning a fire employee where the end result is "with a view to possible disciplinary action, demotion, or dismissal."
In further accord is Opinion 04-0180, in which this office concluded that "any action taken by formal investigating authorities. . . which could possibly affect the job status (of a fire employee)" requires that the minimum standards of R.S. 33:2181 apply. See Opinions 93-52 and 04-0180, copies attached.
You have previously submitted an inquiry to this office, raising the same questions regarding investigations of police officers and fire employees. This office responded to you in Attorney General Opinion 07-0073, and while Opinion 07-0073 is an accurate interpretation of the law as written then, the law has been amended, as discussed. Those changes in the law dictate that Opinion 07-0073 no longer represents the opinion of this office regarding the questions addressed herein.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
RICHARD P. IEYOUB, Attorney General
 APRIL 30, 1983 OPINION NO. 93-52
59 LAW OFFICERS-Authority and Jurisdiction
LSA R.S. 40:2531
Discusses applicability of LSA-R.S. 40:2531 to municipal law enforcement officers.
Lt. Larry Martin
Commander, Internal Affairs Division
P.O. Box 1581
Monroe, LA 71210-1581
Dear Lt. Martin:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for resolution. We restate and respond to your questions in the order presented in your correspondence.
 (1) Does LSA-R.S. 40:2531, entitled Rights of Law Enforcement Officers, apply under all circumstances to a police officer?
 (2) What is the legal definition of "law enforcement officers" as used in LSA-R.S. 40:2531? Would this include civil service jailers, radio operators and clerks?
 (3) What is the legal definition of "investigation" as used in LSA-R.S. 40:2531?
 (4) What is the legal definition of "possible disciplinary action" as used in LSA-R.S. 40:2531?
 (5) If LSA-R.S. 40:2531 applies to any disciplinary action toward any officer, will it be incumbent on the Monroe Police Department to follow the six (6) mandated standards at all times? *Page 2 
At the outset, we quote LSA-R.S. 40:2531 in its entirety.
 A. The provisions of this Chapter shall only apply to those law enforcement officers employed by any municipality and campus police employed at any state-supported college or university who are under investigation with a view to possible disciplinary action, demotion, or dismissal. (Emphasis Added).
 B. Whenever a law enforcement officer is under investigation, the following minimum standards shall apply:
 (1) The law enforcement officer being investigated shall be informed, at the commencement of interrogation, of the nature of the investigation and the identity and authority of the person conducting such investigation, and at the commencement of any interrogation, such officer shall be informed as to the identity of all persons present during such interrogation. The law enforcement officer shall be allowed to make notes.
 (2) Any interrogation of a law enforcement officer in connection with an investigation shall be for a reasonable period of time, and shall allow for reasonable periods for the rest and personal necessities of such law enforcement officer.
 (3) All interrogations of any law enforcement officer in connection with the investigation shall be recorded in full. The law enforcement officer shall not be prohibited from obtaining a copy of the recording or transcript of the recording of his statements upon his written request.
 (4) The law enforcement officer shall be entitled to the presence of his counsel or representative, or both, at the interrogation in connection with the investigation.
 (5) No statement made by the officer during the course of an administrative investigation shall be admissible in a criminal proceeding. *Page 3 
 (6) The counsel called by the law enforcement officer under investigation may call witnesses to testify on his behalf.
 QUESTIONS (1) and (2)
The statute in question, LSA-R.S. 40:2531 provides no guidance as to the definitions you seek. However, it has been the past conclusion of this office that an individual's identity as a "law enforcement officer" is determined from that person's function and authority.
Because the term "law enforcement officer" is not defined in LSA-R.S.40:2531, we must look to other revised statutes in order to create a definition appropriate to this statute. LSA-R.S. 40:2401, et. seq., establishes the Peace Officer Standards and Training Law. In its definitional section, LSA-R.S. 40:2402(1)(a), the term "peace officer" is defined as follows:
As used in this Chapter:
 (l)(a) "Peace officer" means any full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state. . . . . . . .
It is our opinion that although this definition gives some guidance, the definition does not fit precisely as applied to LSA-R.S. 40:2531 because the definition in LSA-R.S. 40:2402 includes "state policemen" and "full-time employees of the state," whereas LSA-R.S. 40:2531 is specifically limited to law enforcement officers "employed by any municipality". It is suggested that legislative amendment to LSA-R.S.40:2531 specifically defining "law enforcement officer" is necessary to cure any ambiguity in this regard.
For the purpose of responding to your inquiries, we note city police officers are "law enforcement officers" within the meaning of the statute. More problematic is whether civil service jailers, radio operators, and clerks fall within the ambit of the statute. Because a jailer's duties include the care, custody, and control of inmates, it is has been our past *Page 4 
opinion that a jailer falls within the term "law enforcement officer employed by any municipality." We continue to adhere to this conclusion. See Attorney General Opinion Number 90-601 and 91-557, enclosed.
However, we are of the opinion that radio operators and clerks would not fall within the ambit of the definition of "law enforcement officer", unless these individuals have similar authority to make arrests, issue criminal warrants, effectuate seizures, etc. Finally, LSA-R.S. 40:2531 applies only to "law enforcement officers" who are under "investigation" as defined below.
 QUESTION (3)
LSA-R.S. 40:2531 does not specifically provide for a definition of "investigation." However, Black's Law Dictionary defines the term as the process of inquiring into or tracking down through inquiry. Black's further defines the term "investigate" as follows:
 "To follow up step by step by patient inquiry or observation. To trace or track; to search into; to examine and inquire into with care and accuracy; to find out by careful inquisition; examination; the taking of evidence; a legal inquiry."
From this definition, it is our opinion that if the investigation requires a close study or systematic inquiry into a situation, the protections afforded an officer under LSA-R.S. 40:2531 apply. Moreover, one must not overlook the express language of the statute. The term "investigation" is modified by the phrase "with a view to possible disciplinary action, demotion, or dismissal." Therefore, if any of the three results are possible, then the officer is afforded the protections of LSA-R.S. 40:2531.
 QUESTION (4)
The term "possible disciplinary action" should be construed broadly so that the purpose of protecting officers under investigation is made effective to the fullest extent possible under the language of LSA-R.S.40:2531. Because "disciplinary action" is used in the same phrase as "demotion" and "dismissal," it is our opinion that any action taken by formal investigating authorities, such as the municipal international affairs department, which could possibly affect the job status of the officer requires that the minimum standards of LSA-R.S. 40:2531 apply. *Page 5 
 QUESTION (5)
The statute will apply, and thus mandate applying all six standards of LSA-R.S. 40:2531, whenever any law enforcement officer is under investigation, the result of which is possible disciplinary action, demotion, or dismissal. It is significant to point out that the statute refers to the officer who is "under investigation," requiring that the officer be the subject of the investigation, consequences punishable by demotion, dismissal or disciplinary action.
Please note the opinions of this office are not binding, but are persuasive authority only. Finally, we enclose copies of previous Attorney General Opinion Numbers 90-601 and 91-557, which may prove of interest to you.
Very truly yours,
RICHARD P. IEYOUB
Attorney General
BY:__________________________
Kerry L. Keilpatrick
Assistant Attorney General
 RPI/KLK/0240E *Page 1 
CHARLES C. FOTI, JR., ATTORNEY GENERAL
JUNE 03, 2004
OPINION 04-180
47-A-1 Fire Protection Districts
R.S. 33:2181
Any firefighter under disciplinary investigation has a right to protection of an attorney at the interrogation stage.
Senator Donald R. Cravins
District 24
P.O. Box 94183
Baton Rouge, LA 70804
Dear Senator Cravins:
We are in receipt of your request for an opinion in regard to administration of Firefighter's Bill of Rights insofar as representation during the interrogation stage of a disciplinary investigation.
You point out that "firefighters and other civil service protected public employees are constituionally entitled to a right to notice and opportunity to be heard at a meaningful time and manner before being terminated or disciplined for an alleged workplace infraction.' You feel that the pre-disciplinary hearing is a critical stage of the investigation in that the employee is given the opportunity to convince the appointing authority that a mistake was made or that mitgating factors are present.
You note in accordance with the Firefighters' Bill of Rights that R.S.33:2181 (B) states that whenever "a fire employee is under investigation' certain minimum standards shall apply, and those standards include advance notice of the nature of the investigation, the identity of the investigators and observers during any interrogation, limitations on interrogation techniques such as right to rest periods, and the right to presence of his or her counsel or other representative, or both "at the interrogation in connection with the investigation."
You relate that some fire departments contend that the language "at the interrogation" allowing the right to counsel excludes the pre-disciplinary hearing or conference since, in their view, the interrogation stage is over and the employee is merely presenting his or her side of the story.
However, you point out there is typically a full exchange of information at such hearings, and the employee is typically called upon to answer tough questions, which in your view "it is still `interrogation' or a culmination in the investigatory process of interrogation and other fact-finding measures." *Page 2 
In this regard you ask, "Therefore, at what stage or step in the process does a firefighters' right to representation arise?"
In Atty. Gen. Op. 93-52 this office observed that the protection afforded an officer under R.S. 40:2531 in an "investigation" is modified by the phrase "with a view to possible disciplinary action, demotion, or dismissal", and it was concluded if any of these three results are possible, that the officer is afforded the protections of the statute. The statute was quoted and included in Section B(4), "The law enforcement officer shall be entitled to the presence of his counsel or representative, or both, at the interrogation in connection with the investigation."
It was further stated the term "possible disciplinary action" should be construed broadly so that the purpose of protecting officers under investigation is made effective to the fullest extent possible under the language of the statute.
We find with regard to the Fire Employee's Rights under R.S. 33:2181 it applies to a fire employee "who is under investigation with a view to possible disciplinary action, demotion, or dismissal"; and continues with similar provision as R.S. 40:2531 and includes "the fire employee shall be entitled to the presence of his or her counsel or representative, or both, at the interrogation in connection with the investigation."
Consequently, following the reasoning in Atty. Gen. Op. 93-52 we would conclude as stated therein that any action taken by formal investigation authorities which could possibly affect the job status "requires that the minimum standards" of the statute apply, and we would conclude the firefighter is afforded protection of an attorney.
We hope this sufficiently answers your request, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
CHARLES C. FOTI, JR.
ATTORNEY GENERAL
BY:__________________________
BARBARA B. RUTLEDGE
ASSISTANT ATTORNEY GENERAL
CCF/bbr