LOMBARD, J.,
Dissents.
|T Officer Carter was suspended for five days for failing to appear for a court appearance, his second violation of a NOPD rule pertaining to mandatory court appearance. The Commission rejected his appeal of the disciplinary 5-day suspension imposed by the NOPD and, after review of the record in light of the applicable law, I would affirm this decision.
The failure to comply with the sixty-day investigation period does not mandate dismissal but is relevant to the issue of whether the appellant was prejudiced by the delay. See Davis v. New Orleans Police Dept., 04-1023 (La.App. 4 Cir. 2/2/05), 899 So.2d 37 (60 day investigatory period mandatory unless extension requested), abrogated by Marks v. New Orleans Police Dept., 06-0575 (La.11/29/06), 943 So.2d 1028 (language in La. Rev.Stat. 40:2531(B)(7) is directory not mandatory). “When a judgment is silent with respect to any demand which was at issue under the pleadings, the silence constitutes an absolute rejection of the demand.” Rodsuwan v. Christus Health Northern La., 41,043, p. 8 (La.App. 2 Cir. 5/17/06), 930 So.2d 1116, 1120 (citing Sun Finance Co. v. Jackson, 525 So.2d 532 (La.1988)). Accordingly, the Commission’s failure to make a finding of prejudice is deemed an absolute rejection of that claim, a finding we review for manifest error. As noted by the majority, the only evidence of prejudice in the | ^record is Officer Carter’s statement that he was unable to recall the reasons for his absence from court on July 6, 2005. Under our standard of review, I do not find this a sufficient basis to make a finding that Officer Carter was prejudiced by the delay or that the Commission acted arbitrary and capricious in denying his appeal. Accordingly, I respectfully dissent.