*1270
 
 ORDER
 

 | ⅜WRIT GRANTED.
 

 In this civil action, defendants filed a motion to exclude certain testimony of plaintiffs expert pathologist pursuant to
 
 Daubert v. Merrell Dow Pharmaceuticals, Inc.,
 
 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and
 
 State v. Foret,
 
 628 So.2d 1116 (La.1993). Plaintiff opposed the motion, arguing that such motions must be filed at least sixty days prior to trial pursuant to La. C.C.P. art. 1425, which provides in part:
 

 F.(l) Any party may file a motion for a pretrial hearing to determine whether a witness qualifies as an expert or whether the methodologies employed by such witness are reliable under Articles 702 through 705 of the Louisiana Code of Evidence. The motion shall be filed not later than sixty days prior to trial and shall set forth sufficient allegations showing the necessity for these determinations by the court.
 

 As trial was set for May 6, 2009, plaintiff argued that defendants were required to file their motion on or before March 7, 2009, the sixtieth day prior to trial. Defendants argued that their motion was timely because March 7, 2009 was a Saturday and therefore their motion filed the following Monday, March 9, 2009, was timely in accordance with La. C.C.P. art. 5059. La. C.C.P. art. 5059 provides in part:
 

 In computing a period of time allowed or prescribed by law or order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
 

 |2The district court denied defendants’ request to set the motion for hearing, finding that the motion was untimely filed. The court of appeal denied defendants’ writ application. Upon review, we grant defendants’ writ application and remand the case to the district court to consider defendants’ motion. A strict interpretation of La. C.C.P. art. 5059 may suggest that the computation period applies only to time periods with deadline dates which fall after the triggering event, and not to time periods such as this one, where the deadline dates fall before the triggering event. However, such a strict interpretation is contrary to La. C.C.P. art. 5051, which provides: “[t]he articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.” Furthermore, the computational methodology in Article 5059
 
 *1271
 
 was intended to insure uniformity in the computation of
 
 all
 
 time periods prescribed by law.
 
 Guillory v. Department of Transportation and Development,
 
 450 So.2d 1305, 1308 (La.1984).
 

 In cases where the sixtieth day prior to trial falls on a weekend or holiday, a party is deprived of one or more days of the period due to happenstance. Extending the deadline until the first legal day as directed by Article 5059 would not cause any great disruption to the trial court or the parties.
 

 For the reasons stated herein, the judgments of the lower courts are reversed and the case is remanded to the trial court for consideration of defendants’ timely filed
 
 Daubert
 
 motion.
 

 WRIT GRANTED; REVERSED AND REMANDED.