JAMES F. McKAY III, Judge.
 

 liThe plaintiff, Officer Christopher Cornelius, appeals the denial of his appeal against the defendant, the New Orleans Police Department (NOPD), by the Civil Service Commission for the City of New Orleans. We affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On December 4, 2007, Sixth District Police Officer Christopher Cornelius responded to a simple battery (domestic) call at 1600 Baronne Street. During his investigation, Officer Cornelius learned that the female complainant made an unannounced visit to her ex-boyfriend’s home and the ex-boyfriend confronted her and asked her to leave. The two individuals then had a verbal altercation and the male allegedly struck the female in the face. Officer Cornelius was unable to determine the aggressor in the incident and issued summonses for both parties to appear in Municipal Court for disturbing the peace.
 

 |2On December 27, 2007, the female complainant made a complaint against Officer Cornelius at the Public Integrity Bureau (PIB). She asserted that Officer Cornelius was unprofessional and discourteous to her when he arrived at the scene of a domestic disturbance. The Complaint was taken by Sgt. Paul Monies. Sgt. Monies contacted the Sixth District’s Integrity Control Officer, Lt. Michael Brenckle, regarding the complaint. Lt. Brenckle instructed Sgt. Christopher Kalka to have an informal conversation with Officer Cornelius regarding allegations of professionalism and courtesy raised by the complainant. Following their conversation, Sgt. Kalka submitted an interoffice memorandum summarizing the conversation to Lt. Brenckle. Thereafter, Sgt. Monies concluded that a formal investigation was not warranted and he provided Officer Cornelius with -written notification of his determination.
 

 On January 17, 2008, Sgt. Monies submitted his DI-3 investigation to his supervisor. His supervisor reviewed his report and determined that because the incident involved a domestic dispute, it needed to be formally investigated as a DI-1. On January 23, 2008, there was a timely request for an extension of time to conduct a formal investigation. Officer Cornelius was given notice of this on January 29, 2008. On January 25, 2008 the matter was assigned to Sgt. Octave LaRoache and he conducted a formal DI-1 investigation. Sgt. LaRoache determined that Officer Cornelius failed to properly document the domestic violence incident and failed to notify his supervisor of the incident, constituting a | «violation of department rules pertaining to instructions from an authoritative source.
 

 On May 7, 2008, a disciplinary hearing was held in front of Major Robert R. Bar-dy, Commander of the Sixth District. Ma
 
 *620
 
 jor Bardy recommended a ten day suspension due to Officer Cornelius’s PIB record. Superintendent of Police Warren J. Riley concurred with this recommendation and further ordered Officer Cornelius to attend a PIB Professional Enhancement Performance Program for one week.
 

 Officer Cornelius appealed the discipline imposed by the NOPD to the Civil Service Commission arguing that the NOPD failed to comply with the provisions of the Police Officer’s Bill of Rights pursuant to La. R.S. 40:2531, prior to the formal DI-1 investigation. However, the Civil Service Commission disagreed and denied Officer Cornelius’s appeal. It is from this judgment that he now appeals to this Court. DISCUSSION
 

 On appeal, the plaintiff raises the following assignments of error: 1) the Civil Service Commission erred in upholding the discipline herein because the appointing authority did not record Officer Cornelius’s statement in violation of the Police Officers’ Bill of Rights, La. R.S. 40:2531(B)(3), rendering the discipline an absolute nullity pursuant to La. R.S. 40:2531(C); 2) the Civil Service Commission erred in upholding the discipline herein because the investigation had already been terminated on January 14, 2008, with the notice issued to Officer |4Cornelius pursuant to La. R.S. 40:2531(B)(7) that the investigation was complete and the reopening of the investigation is a violation of the Police Officers’ Bill of Rights, rendering the discipline an absolute nullity pursuant to La. R.S. 40:2531(C); and 3) the Civil Service Commission erred in upholding the discipline herein because the appointing authority did not prove by a preponderance of the evidence that Officer Cornelius’s actions impaired the efficient operation of the public service.
 

 An employer cannot subject an employee who has gained permanent status in the classified city civil service to disciplinary action except for cause expressed in writing. La. Const. Art. X, § 8(A);
 
 Walters v. Department of Police of New Orleans,
 
 454 So.2d 106,112 (La.1984). The employee may appeal from such a disciplinary action to the City Civil Service Commission. The burden of proof on appeal, as to the factual basis for the disciplinary action, is on the appointing authority.
 
 Id.
 
 at 112-113;
 
 Goins v. Department of Police,
 
 570 So.2d 93, 94 (La.App. 4 Cir.1990). The Civil Service Commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction.
 
 Walters v. Department of Police of New Orleans, supra,
 
 at 113. Legal cause exists whenever the employee’s conduct impairs the efficiency of the public service in which the employee is engaged.
 
 Cittadino v. Department of Police,
 
 558 So.2d 1311, 1315 (La.App. 4 Cir.1990). The appointing authority has the burden of proving by a preponderance of the ^evidence the occurrence of the complained of activity and that the conduct complained of impaired the efficiency of the public service.
 
 Id.
 
 The appointing authority must also prove the actions complained of bear a real and substantial relationship to the efficient operation of the public service.
 
 Id.
 
 While these facts must be clearly established, they need not be established beyond a reasonable doubt.
 
 Id.
 

 In his first assignment of error, Officer Cornelius argues that because his statement to Sgt. Kalka during the informal DI-3 investigation was not recorded, the discipline is an absolute nullity. However, this argument is without merit. The fact that the informal statement was not recorded did not prejudice Officer Corneli
 
 *621
 
 us. Once it was determined that this case needed to be formally investigated, there was a timely request for an extension to conduct a formal DI-1 investigation and notice was mailed to Officer Cornelius. Thereafter, a recorded administrative statement was produced. The ten day suspension resulted from the complete and timely DI-1 investigation. Officer Cornelius was afforded all rights guaranteed by La. R.S. 40:2531 once the DI-1 investigation was initiated and the investigation became formal.
 

 In his second assignment of error, Officer Cornelius argues that the investigation terminated when he received notice that the informal DI-3 investigation was completed, and therefore, reopening the case constituted a violation of his bill of rights as a police officer. However, this assignment of error is without merit. Once it was determined that this case needed to be formally | ¿investigated, there was a timely request for an extension of time to conduct a formal investigation on January 23, 2008, and a letter was sent to Officer Cornelius on January 29, 2008, giving him notice. Thereafter, on January 25, 2008, the case became a DI-1 and was assigned to Sgt. LaRoache. When Sgt. LaRoaehe received the DI-1 investigation, he sent Officer Cornelius a notice to appear and render a formal statement. Officer Cornelius appeared and made a recorded and transcribed statement on March 25, 2008. Accordingly, the discipline imposed resulted from a timely DI-1 formal investigation in compliance with the sixty day rule. Therefore, there was no bill of rights violation and the discipline is not an absolute nullity.
 

 In his final assignment of error, Officer Cornelius argues that the appointing authority failed to prove that his actions impaired the efficient operation of the public service. This assignment of error is also without merit. Officer Cornelius failed to handle this matter as a domestic issue and departmental requirements specific to domestic violence were not met. The victim of the alleged domestic battery was issued a summons to appear in Municipal Court for disturbing the peace. Officer Cornelius failed to follow the guidelines outlined in the NOPD Operations Manual, Chapter 42.4, titled Domestic Violence Investigations and Arrest Procedures, paragraphs 4 and 5. Officer Cornelius’s actions did impair the efficient operations of the public service and his punishment was commensurate with his dereliction.
 
 See Staehle v. Dep’t of Police,
 
 98-0216, p. 3 (La.App. 4 Cir. 11/18/98), 723 So.2d 1031, 1032-1033.
 

 ^CONCLUSION
 

 Officer Cornelius was afforded all of the rights guaranteed pursuant to La. R.S. 40:2531 once the formal investigation commenced. Accordingly, for the above and foregoing reasons, we affirm the ruling of the Civil Service Commission.
 

 AFFIRMED.