(ON APPLICATION FOR REHEARING)
SANDRA CABRINA JENKINS, Judge.
12Patrick O’Hern, the plaintiff/appellant, seeks a rehearing of our earlier decision herein that affirmed the decision of the New Orleans Civil Service Commission (“CSC”). For the reasons that follow, we grant a rehearing, vacate our earlier decision, and reverse the decision of the CSC.
On rehearing, Officer O’Hern asserts that we erred in our original opinion because, inter alia, the record on appeal does not support several facts that we originally found and the NOPD violated Officer O’Hern’s rights under La. R.S. 40:2531 (the so-called “Police Officer’s Bill of Rights”). Our current review, coupled with the recent decision of the Louisiana Supreme Court refusing to grant the City of New Orleans’ Police Department’s writ application in Robinson v. Dept. of Police, 2012-1039 (La.App. 4 Cir. 1/16/13), 106 So.3d 1272, writ denied, 2013-0528 (La.4/12/13), 110 So.3d 1081, a case that is substantially identical to this case wherein the opposite conclusion from the one that we originally reached herein, satisfies us that our earlier decision is legally wrong because we failed to differentiate an informal DI-3 investigation from a formal [SDI-1 investigation.
We adopt the finding of facts as set forth in the dissent of Judge Tobias in this case for purpose of this rehearing, noting differences exist between the facts he found and those facts earlier found by the majority.
Although Officer O’Hern assigned four errors for our review, his first assigned error is dispositive of this appeal: he claims that the CSC erred in affirming the discipline because the investigation took over sixty days to complete in violation of La. R.S. 40:2531 B(7). We agree.
La. R.S. 40:2531 sets forth the minimum standards that shall apply to the investigations of law enforcement officers. Pursuant to La. R.S. 40:2531 B(7), the investigation of a law enforcement officer shall be completed within sixty days. However, prior to the 2007 amendments to La. R.S. 40:2531, the statute contained no penalty provision for non-compliance within that sixty-day time frame.
In Marks v. New Orleans Police Department, 2006-0575 (La.11/29/06), 943 So.2d 1028, the Supreme Court considered the issue of whether, under the pre-amended version of La. R.S. 40:2531, the failure to comply with the statutory “minimum standards,” by failing to complete the investigation within sixty days, required summary dismissal of the charges against an officer. Noting that the statute contained no penalty provision for non-compliance, the Court held that the failure to comply with the sixty-day time period did not require summary dismissal of a disciplinary action. Rather, the Court concluded that failure to comply with the sixty-day time period may impact whether discipline should be imposed or the type of discipline imposed if prejudice to the officer was *1051 demonstrated due to the delay. Id. at pp. 11-12, 943 So.2d at 1036.
1/The following year, La. R.S. 40:2531 was amended by 2007 Acts, Nos. 91 and 258, both effective August 15, 2007. In 2007 Acts, No. 91, the Legislature amended subsection B(7) of La. R.S. 40:2531 to add language providing that the chief of police or his authorized representative shall initiate an investigation within fourteen days of the date that a formal and written complaint is made against a law enforcement officer. Act No. 91 also added the following language to subsection B(7):
The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or un-sustained complaint. Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity. [Emphasis supplied.]
By 2007 Acts, No. 258, the Legislature added subsection C to La. R.S. 40:2531, providing as follows:
C. There shall be no discipline, demotion, dismissal or adverse action of any sort taken against a law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal or adverse action of any sort whatsoever taken against a law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity. [Emphasis supplied.]
The NOPD contends that the administrative investigation of Officer O’Hern did not exceed the sixty-day limit because there was first an investigation of Officer O’Hern’s alleged criminal activity, which is not governed by the sixty-day rule, quoted above. In support of this argument, the NOPD relies on Wyatt v. Harahan Municipal Fire and Police Civil Service Board, 2006-0081 (La.App. 5 Cir. 7/25/06), 935 So.2d 849. However, Wyatt was decided before the 2007 amendments to La. R.S. 40:2531 and is thus inapplicable.
We find Cornelius v. Department of Police, 2009-1459 (La.App. 4 Cir. 6/9/10), 41 So.3d 617, wherein a similar issue was raised, applicable. Instead of a criminal investigation, an “informal ” DI-3 investigation was opened immediately after a-complaint was made. That informal investigation was completed and closed. It was then that the formal investigation began, which Officer Cornelius argued violated the sixty-day rule. Therein we stated:
In his second assignment of error, Officer Cornelius argues that the investigation terminated when he received notice that the informal DI-3 investigation was completed, and therefore, reopening the case constituted a violation of his bill of rights as a police officer. However, this assignment of error is without merit. Once it was determined that this case needed to be formally investigated, there was a timely request for an extension of time to conduct a formal investigation on January 23, 2008, and a letter was sent to Officer Cornelius on January 29, 2008, giving him notice. Thereafter, on January 25, 2008, the case became a DI-1 and was assigned to Sgt. LaRoache. When Sgt. LaRoaehe received the DI-1 investigation, he sent Officer Cornelius a notice to appear and render a formal statement. Officer Cornelius appeared and made a recorded and transcribed statement on March 25, 2008. Accordingly, the discipline imposed resulted from a timely DI-1 formal investigation in compliance with the sixty day rule. Therefore, there was no bill of rights violation *1052 and the discipline is not an absolute nullity.
Id. at pp. 5-6, 41 So.3d at 621.
In the instant case, the formal investigation, evidenced by the DI-1, was opened on the day of the event, December 12, 2009. Therefore, without a timely request for an extension of time in which to complete the formal investigation, the sixty days ran out on February 10, 2010. The criminal investigation was |ficompleted on January 26, 2010, the date the matter was turned over to the Orleans Parish District Attorney’s office. All that remained was the taking of Officer O’Hern’s administrative statement, which could have been compelled within the sixty-day mandatory time period. In fact, Sergeant Jones stated during the hearing that no new information was obtained during its administrative investigation with the exception of obtaining Officer O’Hern’s statement. See footnote 2 at p. 1049 of Judge Tobias’ dissent in our original opinion herein.
La. R.S. 40:2581 B(7) does not affect the time period in which a criminal proceeding must be brought; we do not read the statute as creating a “tolling” period for the administrative investigation to begin or end. The language of La. R.S. 40:2531 B(7) is clear and unambiguous.
For the foregoing reasons, a rehearing is granted, our earlier decision herein is vacated, the decision of the CSC is reversed, and the discipline imposed against O’Hern is dismissed.
REHEARING GRANTED; JUDGMENT REVERSED.
DYSART, J., dissents, with reasons.