EDWIN A. LOMBARD, Judge.
hThe Appellant, Officer Bryan Mulvey, seeks review of the decision of the Civil Service Commission, denying his appeal of a four (4) day suspension imposed by the appointing authority, the New Orleans Police Department. Finding that the investigation of the appointing authority was not conducted in accordance with the minimum standards provided for in La.Rev.Stat. 40:2531, we reverse the decision of the Commission and render the discipline imposed against Officer Mulvey an absolute nullity.
Officer Mulvey is employed by the New Orleans Police Department (“NOPD”) as a Police Officer III with permanent status. On March 16, 2011, the NOPD issued a disciplinary letter to Officer Mulvey wherein the NOPD stated that it determined that Officer Mulvey violated the rule relative to neglect of duty. Specifically, the NOPD concluded that Officer Mul-vey violated the rule that requires officers to “thoroughly search for, collect, preserve and identify evidence in an arrest or investigative situation.” Rule 4: Performance of Duty, paragraph 4-Neglect of Duty, (c)(8). As a result, the NOPD suspended Officer Mulvey for four (4) days.
| «.Officer Mulvey appealed the suspension to the Civil Service Commission (“Commission”), which appointed a hearing officer to receive testimony. At the hearing, the NOPD called Sgt. Andre LeBlanc, who is assigned to the Public Integrity Bureau (PIB), to testify. Sgt. LeBlanc testified that he received a complaint that Officer Mulvey failed to thoroughly investigate a report of a missing teenager. The complainant, Brunella Heary-Ramirez (Mrs. Heary-Ramirez), alleged that she provided information about her missing step-daughter to Officer Mulvey, who failed to investigate said information. Specifically, Mrs. Heary-Ramirez provided information that an individual with the Salvation Army was seen earlier in the week speaking to children in her neighborhood about an after school program. After reporting her step-daughter missing, Mrs. Heary-Ramirez remembered the man from the Salvation Army and went there to question him. The gentleman gave his *893 name and telephone number to Mrs. Heary-Ramirez, which she then provided to Officer Mulvey. Sgt. LeBlanc testified that although Officer Mulvey determined that the information was not credible, Officer Mulvey should have contacted the Salvation Army and asked questions. When asked how Officer Mulvey’s actions impaired the efficiency of the operations of the NOPD, Sgt. LeBlanc testified that he did not know.
Sgt. LeBlanc further testified as to the length of the investigation of Officer Mul-vey. He testified that the investigation began on June 18, 2010, and Officer Mul-vey received notice of a disciplinary hearing on December 7, 2010. Sgt. LeBlanc noted that on September 24, 2010, Officer Mulvey received notice that the investigation had been completed, and the notice stated that Officer Mulvey would be “notified if a disciplinary hearing is required.”
l-iNext, Mrs. Heary-Ramirez testified that she contacted the NOPD upon realizing that her step-daughter was missing. After the initial call, Mrs. Heary-Ramirez stated that an additional four to seven calls were made to the NOPD wherein she provided information to the responding officer. Mrs. Heary-Ramirez testified that earlier in the week, she observed a Salvation Army employee approach her children and tell them about an after-school program. When Mrs. Heary-Ramirez found her step-daughter missing, she thought the Salvation Army employee may be involved as his behavior earlier in the week was unsettling. Mrs. Heary-Ramirez testified that she and her husband went to the Salvation Army, located the employee, questioned him, and obtained his name and telephone number. Mrs. Heary-Ramirez testified that she provided this information to Officer Mulvey as she believed that the police could do a better job of questioning the individual. Mrs. Heary-Ramirez further testified that she became upset upon later learning that Officer Mulvey did not look into the information provided about the Salvation Army employee.
Lastly, Officer Mulvey testified that he received several of the follow-up calls from Mrs. Heary-Ramirez. Officer Mulvey testified that while he is not a detective, he followed up on the information provided by Mrs. Heary-Ramirez that he believed might result in the return of her stepdaughter. Officer Mulvey noted that he received the information regarding the Salvation Army employee around 5:00 p.m. on a Saturday, and that his shift ended at 11:00 p.m. Officer Mulvey noted that Mrs. Heary-Ramirez felt that her step-daughter had been kidnapped. Based on his experience and training, Officer Mulvey believed that the stepdaughter was a runaway, not a kidnapping victim. Officer Mulvey further testified that, based on his experience and training, he determined that the | information regarding the Salvation Army employee was not credible, as the employee gave his name and telephone number to Mrs. Heary-Ramirez. Additionally, the Salvation Army is an adult shelter that does not provide shelter to runaway juveniles.
After reviewing the testimony and evidence, the Commission determined that police officers are to utilize their training and experience in the field. The Commission noted that Officer Mulvey investigated credible leads. The Commission further found that Officer Mulvey did not investigate the Salvation Army lead because he believed that the information was not credible, not because the information was received at the end of his shift. However, the Commission determined that Officer Mulvey should have investigated the information regarding the Salvation Army employee, if only to assure the parents that the matter was being taken seriously. *894 Thus, the Commission denied the appeal of Officer Mulvey.
Officer Mulvey timely filed the instant appeal in our Court, and raises two (2) assignments of error:
1. The Commission erred in not overturning the discipline imposed because the NOPD failed to meet the requirements of La.Rev.Stat. 40:2531(B)(7); and
2. The Commission erred in finding that legal cause existed to discipline Officer Mulvey.
The Commission has authority to “hear and decide” disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty. La. Const, art. X, § 12; Pope v. New Orleans Police Dept., 04-1888, p. 5 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 4. The appointing authority is charged with the operation of its department, and it is within its discretion to discipline an employee for sufficient cause. The Commission is not charged with such | ¡^discipline. The authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty. Pope, 04-1888, pp. 5-6, 903 So.2d at 4.
The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority. Cure v. Dept. of Police, 07-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094, citing Marziale v. Dept. of Police, 06-0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767. The protection of civil service employees is only against firing (or other discipline) without cause. La. Const. art. X, § 12; Cornelius v. Dept. of Police, 07-1257, p. 7 (La.App. 4 Cir. 3/19/08), 981 So.2d 720, 724, citing Fihlman v. New Orleans Police Dept., 00-2360, p. 5 (La.App. 4 Cir. 10/31/01), 797 So.2d 783, 787.
As we further explained in Cure, 07-0166, p. 2, 964 So.2d at 1094-95:
The decision of the Civil Service Commission is subject to review on any question of law or fact upon appeal to this Court, and this court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this court should not modify the Civil Service Commission order unless it was arbitrary, capricious, or characterized by an abuse of discretion. A decision by the Civil Service Commission is “arbitrary or capricious” if there is no rational basis for the action taken by the Civil Service Commission. [Citations omitted.]
Furthermore, the Louisiana Supreme Court has explained that “it is well settled in the jurisprudence that in civil service cases if there is any evidence before the commission showing that the employee’s conduct is prejudicial to the service, | fiits ruling will not be disturbed.” Leggett v. Nw. State Coll., 242 La. 927, 939, 140 So.2d 5, 10 (1962).
In the first assignment of error, Officer Mulvey argues that the Commission erred by not overturning the discipline because the NOPD failed to meet the minimum standards set forth in La.Rev.Stat. 40:2531(B)(7).[1] The minimum standards *895 presented therein require that an investigation of a police officer to be completed within sixty days. La.Rev.Stat. 40:2531(B)(7). La.Rev.Stat. 40:25S1(B)(7) specifies that the investigation shall be considered complete upon notice to the employee “of a pre-disciplinary hearing or a determination of an unfounded or un-sustained complaint.”
|7In this case, the NOPD presented evidence that the investigation commenced on June 29, 2010. The NOPD received a sixty day extension, giving the NOPD until October 16, 2010, to complete the investigation. On September 24, 2010, the NOPD presented Officer Mulvey with a notice which stated that the investigation was completed, and that he would be “notified if a disciplinary hearing is required.” The notice further stated that “the investigator’s recommended disposition” was that the alleged violation be sustained. Thus, the NOPD argues that Officer Mulvey received notice within the time required by La.Rev.Stat. 40:2531(B)(7).
The NOPD further argues that even if we find that the investigation was untimely completed, we should nevertheless uphold the disciplme imposed pursuant to Cornelius v. Dept. of Police, 09-1459 (La.App. 4 Cir. 6/9/10), 41 So.3d 617. The NOPD alleges that in Cornelius, we considered a violation of La.Rev.Stat. 40:2531, and the penalty provision presented in section C of the statute; yet, we denied the request of a NOPD officer, the appellant, to find the discipline imposed to be an absolute nullity. In Cornelius, the appellant raised the issue of whether the Commission erred in upholding the discipline imposed because the appointing authority did not record the officer’s statement during an informal DI-3 investigation that later became a formal DI-1 investigation. The appellant argued that this was a violation of the Police Officers’ Bill of Rights, La.Rev.Stat. 40:2531(B)(3), rendering the discipline an absolute nullity pursuant to La.Rev.Stat. 40:2531(C). Our Court held that this assignment of error was without merit because during the course of the formal DI-1 investigation a recorded administrative statement was produced; thus, the appellant was afforded all the rights guaranteed pursuant to La.Rev.Stat. 40:2531.
*896 |8We find Cornelius to be distinguishable from the matter sub judice. In Cornelius the Commission did not err in upholding the discipline imposed by the appointing authority where the formal DI-1 investigation was conducted in compliance with La. Rev.Stat. 40:2581(C), whereas in the instant matter the investigation of the appointing authority was non-compliant due to its untimeliness.
As Officer Mulvey contends, on November 29, 2010, after the October 16, 2010 deadline, he received notice of the pre-disciplinary hearing set for December 18, 2010. He argues that the notice dated November 29, 2010, failed to comply with the time requirement provided in La.Rev. Stat. 40:2531. We agree.
As previously stated, La.Rev.Stat. 40:2531(B)(7) specifies that the investigation shall be considered complete upon notice of the employee “of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint.” Although, as stated above, the NOPD provided a notice dated September 24, 2010, said notice did not definitively state that a pre-disciplinary hearing was scheduled. Furthermore, the NOPD presented no evidence that Officer Mulvey received notice of a pre-disciplinary hearing before the October 16, 2010 extension deadline.
We explained in Carter v. Dept. of Police, 09-0723, p. 4 (La.App. 4 Cir. 10/21/09), 24 So.3d 255, 258, that “the Louisiana Supreme Court found that the failure to comply with the sixty-day investigatory period required by La.Rev.Stat. 40:2531 is relevant as to whether the appellant is prejudiced by that failure, but does not require summary dismissal.” Id. (Quoting Marks v. NOPD, 06-0575, p. 12 (La.11/29/06), 943 So.2d 1028, 1036). In Marks, the Supreme Court reasoned that La.Rev.Stat. 40:2531 did not “establish a penalty for non-compliance and in|flthe absence of prejudice”, the Supreme Court held that it could not supply a penalty. Id.
However, La.Rev.Stat. 40:2531 was amended by the Louisiana legislature after the Marks decision, by Acts 2007, No. 258. Said amendment added section C to La.Rev.Stat. 40:2531, which provides:
C. There shall be no discipline, demotion, dismissal, or adverse action of any sort taken against a police employee or law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal, or adverse action of any sort whatsoever taken against a police employee or law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity. [Emphasis added.]
“Prior to the 2007 amendments to LSA-REV. STAT. 40:2531, the statute contained no penalty provision for non-compliance with the sixty-day rule.” Landry v. Baton Rouge Police Dept., 08-2289, p. 6 (La.App. 1 Cir. 5/8/09), 17 So.3d 991, 995. Presently, non-compliance with the minimum standards set forth in La.Rev.Stat. 40:2531 results in the discipline imposed being declared an absolute nullity.
In the instant matter, the NOPD issued its September 24, 2010 notice to Officer Mulvey that its investigation was complete, but further stated, “[y]ou will be notified if a disciplinary hearing is required.” The September 24, 2010 notice does not meet the statutory requirements of La.Rev.Stat. 40:2531(B)(7) because the NOPD had not yet determined whether the allegations against Officer Mulvey merited holding a pre-disciplinary hearing. We note that La.Rev.Stat. 40:2531(B)(7) specifies that with regard to pre-disciplin-ary hearings, an investigation is not complete until an officer has received notice of a hearing. |inWhen, as in the instant mat *897 ter, the appointing authority is considering holding a disciplinary hearing and has already received the maximum sixty-day extension, a notice that does not timely alert an officer as to whether a disciplinary hearing is definitively required is deficient, dilatory and fails to sufficiently alert an officer of the status of his or her investigation. Furthermore, the record reveals that Officer Mulvey received notice of a pre-disciplinary hearing two (2) months after the September 2010 notice was sent, on November 29, 2010, which is more than a month past the October 16, 2010 extension deadline granted to the appointing authority. Therefore, we find that the investigation by the appointing authority of Officer Mulvey was non-compliant with the minimum standards set forth in La.Rev.Stat. 40:2531(B)(7), and the discipline imposed against him is rendered an absolute nullity-
We further note, however, that Officer Mulvey violated Uniform Rules, Courts of Appeal, Rule 3-1.1. Rule 3-1.1 provides, in pertinent part, that every application for an appeal from an administrative body shall include an assignment of errors, which shall set out separately each error asserted and a designation of the record to be incorporated with the transcript. Officer Mulvey filed an application with the Commission for an appeal wherein he listed two (2) assignments of error: 1) the Commission erred in determining that he was disciplined for cause, and 2) the Commission erred when it determined that his behavior bore a real and substantial relationship to the efficiency of the public service. Nevertheless, Officer Mul-vey did not assign as error that the Commission erred by not overturning the discipline imposed because the NOPD failed to meet the minimum standards set forth in La.Rev.Stat. 40:2531(B)(7). Rule 3-1.1 does not provide a penalty for a violation thereof.
luThe Louisiana Supreme Court in IT Corp. v. Comm’n on Ethics for Pub. Employees, 464 So.2d 284 (La.1985), addressed a violation of Rule 3-1.1. In IT, the appellant raised six (6) assignments of error, one of which was whether the Commission on Ethics for Public Employees erroneously imposed two (2) $5,000.00 fines against the appellant under the pre-1980 Ethics Code. After addressing the merits of the assignment of error and determining that it was without merit, the Supreme Court further noted that the appellant had not complied with Rule 3.1-1, La.Rev.Stat. 42:1142, and Louisiana Court of Appeal, First Circuit, Rule 1. Id., 464 So.2d at 292. The NOPD argues that we should apply the IT holding to the instant matter, and find that Officer Mulvey abandoned the instant assignment of error. Nevertheless, we decline to create a penalty for Rule 3.1-1 where the assignment of error does have merit, and the Supreme Court has not held that a violation of Rule 3.1-1 alone requires the assignment of error to be deemed abandoned.
Lastly, we pretermit a discussion of the remaining assignment of error having determined that the penalty imposed by the Commission is an absolute nullity.

CONCLUSION

For the foregoing reasons, the decision of the Civil Service .Commission is reversed and the discipline imposed by the appointing authority is rendered an absolute nullity.
REVERSED
BELSOME, J., concurs in the result.

. La.Rev.Stat. 40:2531(B)(7) provides:
B. Whenever a police employee or law enforcement officer is under investigation, the following minimum standards shall apply:
*895 (7) When a formal and written complaint is made against any police employee or law enforcement officer, the superintendent of state police or the chief of police or his authorized representative shall initiate an investigation within fourteen days of the date the complaint is made. Except as otherwise provided in this Paragraph, each investigation of a police employee or law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days. However, in each municipality which is subject to a Municipal Fire and Police Civil Service law, the municipal police department may petition the Municipal Fire and Police Civil Service Board for an extension of the time within which to complete the investigation. The board shall set the matter for hearing and shall provide notice of the hearing to the police employee or law enforcement officer who is under investigation. The police employee or law enforcement officer who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the board finds that the municipal police department has shown good cause for the granting of an extension of time within which to complete the investigation, the board shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the police employee or law enforcement officer under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disci-plinary hearing or a determination of an unfounded or unsustained complaint. Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity.