PAUL A. BONIN, Judge.
|, Thomas McMasters, an employee of New Orleans Police Department who had gained permanent status in the City’s civil service, timely appealed the decision of the New Orleans Civil Service Commission upholding the discipline imposed by Superintendent Roñal Serpas, the appointing authority. Superintendent Serpas dismissed McMasters from the NOPD and suspended him for two ten-day periods after he determined that, on November 8, 2009, Mr. McMasters filed a false police report resulting in the false arrest and false imprisonment of a young woman.
Mr. McMasters assigns seven errors in his brief to this court. One assignment argues that, because the appointing authority’s investigation did not comply with the minimum standards set forth in the Police Officer’s Bill of Rights, codified as La. R.S. 40:2531, all the discipline imposed by the appointing authority is an absolute nullity.
| .¿Because we agree that the investigation did not comply with the minimum time standards, and concluding that our recent decisions are fully dispositive of his appeal, we vacate the decision of the New Orleans *687 Civil Service Commission, and render judgment in Mr.- McMasters’ favor because the discipline imposed is an absolute nullity. We order the reinstatement of Mr. McMasters to his prior position along with restoration of all back pay and emoluments.
We explain our decision in greater detail in the following Parts.
I
In this Part we begin by providing the factual background which gives rise to the disciplinary proceedings against Mr. McMasters, and by detailing the course of the proceedings before the appointing authority and the Commission while specifically noting the dates of important events during the investigation.
On November 23, 2009, Quanetia Davis and Kyana Boykins initiated a complaint alleging criminal misconduct by their arresting officers in the early morning of November 8, 2009. The police initiated the formal DI-1 investigation into the allegation that same day and assigned it PIB Control # 2009-1315.C.
On July 4, 2010, Mr. McMasters received notice that the internal disciplinary investigation had been completed. The notice stated that he would be “notified if a disciplinary hearing is required,” and provided the investigator’s recommended dispositions for the alleged violations. On February 16, 2011, Mr. McMasters received notice of a disciplinary hearing to be held on March 16, 2011.
laOn March 25, 2011, Mr. McMasters received a disciplinary letter stating that the appointing authority had determined that he violated rules relative to (a) moral conduct by committing false imprisonment, (b) performance of duty for failing to properly verify Ms. Boykins’ record in an arrest for prostitution by loitering, and (c) official information for documenting false or inaccurate information on the affidavit for the arrest of Ms. Boykins. For violation of the rules regarding performance of duty and official information, Mr. McMas-ters received a total suspension of 20 days — 10 days for the violation of each rule. For violation of the rule regarding moral conduct, Superintendent Serpas dismissed Mr. McMasters from the New Orleans Police Department.
On March 27, 2011, Mr. McMasters timely appealed his suspensions and dismissal to the Civil Service Commission. The Commission, after considering a hearing examiner’s recommendation to grant Mr. McMasters’ appeal, denied his appeal and upheld the appointing authority’s discipline on December 20, 2012. The Commission decided that the appointing authority established by a preponderance of the evidence that it had disciplined Mr. McMasters for cause.
On January 22, 2013, Mr. McMasters timely filed a notice of appeal,[1] averring *688 that the judgment of the Commission was contrary to law and evidence and was arbitrary, capricious, and clearly erroneous.
Ji.II
We turn now to address the precepts which control our review of Mr. McMas-ters’ appeal of the Commission’s decision to uphold the appointing authority’s disciplinary action.
“No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing.” La. Const, art. X, § 8. New Orleans police officers are included in the protection guaranteed by this provision. See Walters v. Dep’t of Police of New Orleans, 454 So.2d 106, 112 (La.1984). “Legal cause exists whenever an employee’s conduct impairs the efficiency of the public service in which the employee is engaged.” Cittadino v. Dep’t of Police, 558 So.2d 1311, 1315 (La.App. 4th Cir.1990).
In order to show cause for a disciplinary action or dismissal, the appointing authority must often investigate the law enforcement officer’s alleged conduct. When a municipally-employed officer is being investigated, La. R.S. 40:2531 (the Police Officer’s Bill of Rights) sets forth parameters for the investigation.
Thus, when a formal complaint is made against any law enforcement officer, an investigation shall be initiated within 14 days of the date the complaint was made. See La. R.S. 40:2531(B)(7). An investigation is initiated when an “authorized person begins to make inquiry or collect evidence concerning a ^situation with an officer where the end result is with a view to possible disciplinary action, demotion or dismissal.” La. Att’y Gen. Op. No. 07-0073 (2007) (quotations omitted). This is usually documented through the NOPD’s completion of DI-1 investigation form.[2] See Robinson v. Dep’t of Police, 12-1039, p. 6 (La.App. 4 Cir. 1/16/13), 106 So.3d 1272, 1275.
Every investigation of a law enforcement officer shall be completed within 60 days from the date that the investigation is initiated. See La. R.S. 40:2531 B(7). “The investigation shall be considered complete upon notice to the ... law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint.” La. R.S. 40:2531 B(7). “[Njotice that does not timely alert an officer as to whether a disciplinary hearing is definitively required is deficient, dilatory and fails to sufficiently alert an officer of the status of his or her investigation.” Mulvey v. Dep’t of Police, 12-1041, p. 10 (La.App. 4 Cir. 1/30/13), 108 So.3d 891, 897. These investigatory parameters, however, do not limit or impact investigations into alleged criminal activity. See La. R.S. 40:2531 B(7). Because any criminal investigation can be (and ought to be) conducted independently of the administrative or disciplinary investigation, any investigation of criminal activity does not create a tolling period that would alter the beginning or end of the period for administrative investigations. See O’Hern v. Dep’t of Police, 12-0600 (La.App. 4 Cir. 12/19/12) (on rehearing), 111 So.3d 1037, 1052. See also, Robinson, 12-1039, p. 13, 106 So.3d at 1279.
*689 | fiThere shall be no discipline of any sort taken against a law enforcement officer unless the investigation complies with these minimum standards. See La. R.S. 40:2531 C. Any discipline or dismissal “taken against ... a law enforcement officer without complete compliance with the forgoing minimum standards is an absolute nullity.” La. R.S. 40:2531 C (emphasis added)
Mr. McMasters timely exercised his constitutional right to an appeal from the appointing authority’s disciplinary action to the New Orleans Civil Service Commission. See La. Const, art. X, § 12(B). The Commission has “the exclusive power and authority to hear and decide all removal and disciplinary cases.” La. Const, art. X, § 12(B). This “includes the authority to modify (reduce) as well as to reverse or affirm a penalty.” Robinson, 12-1039, p. 6, 106 So.3d at 1275. Although the Commission’s function is to effectuate constitutional safeguards and protections, equally important is “the appointing authority’s duty to undertake disciplinary action against an employee for legal cause that impairs the efficiency of the public service.” Mathieu v. New Orleans Pub. Library, 09-2746, p. 5 (La.10/19/10), 50 So.3d 1259, 1262.
“The Commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction.” Walters, 454 So.2d at 113. The Commission’s ruling indicates that the three reviewing Commissioners unanimously concurred in the denial of Mr. McMasters’ appeal.
|7Then, Mr. McMasters timely exercised his constitutional right to an appeal from the Commission’s decision to this Court, the court of appeal wherein the Commission is located. See La. Const, art. X, § 12(B). The Commission’s decision is subject to appellate review on any question of law or fact. See La. Const. Art. X, § 12(B). This Court will determine if its order was arbitrary, capricious, or characterized by an abuse of discretion. Barquet v. Dep’t of Welfare, 620 So.2d 501, 505 (La.App. 4th Cir.1993). See also, Cure v. Dep’t of Police, 07-0166, p. 2 (La.App. 4th Cir. 8/1/07), 964 So.2d 1093, 1095; Walters, 454 So.2d at 114. When there is no rational basis for the Commission’s action, its decision is arbitrary and capricious. Bannister v. Dep’t of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647. See also, Cure, 07-0166, p. 2, 964 So.2d at 1095.
The judicial review function in a matter appealed from the Commission is “multifaceted.” Walters, 454 So.2d at 113. Notably, for our purposes here, we review the Commission’s procedural decisions and interpretations of law de novo. Id. But, because of the constitutional implications arising from the distinct functions of the Commission, we are more circumspect in our review of other aspects of the Commission’s decisions. Id. at 113-114. Thus, in reviewing the Commission’s findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. Id. at 114.
JaPi
In this Part we examine Mr. McMasters’ contention that the Commission erred in its ruling by not overturning the NOPD’s discipline due to the NOPD’s failure to meet the minimum standards set forth in La. R.S. 40:2531 B(7) regarding the initiation and completion of investigations of a law enforcement officer’s actions within 60 days and explain why its ruling upholding the discipline must be vacated
*690 Mr. McMasters argues that, as a result of the NOPD’s failure, the Commission’s decision should be, reversed and the discipline imposed by the NOPD should be ruled an absolute nullity. In this case, the Commission did not make any specific fact-finding or legal conclusions regarding the timeliness of the investigation by the NOPD and its compliance with La. R.S. 40:2531.
La. .R.S. 40:2531 B(7) requires that an investigation of a law enforcement officer shall be completed within 60 days of its initiation. The NOPD initiated the investigation of Mr. McMasters on November 23, 2009. This date is clear from documents sent to Mr. McMasters by the NOPD. In the notice sent on July 4, 2010, Sergeant Sanders indicates that the internal disciplinary investigation into the allegation made against Mr. McMasters was initiated on November 23, 2009. Additionally, in the “Disciplinary Hearing Notification” sent on February 16, 2011, Deputy Superintendent Defillo indicated that Ms. Davis and Ms. Boykins initiated 18a complaint of alleged criminal misconduct on November 23, 2009, and that this was a DI-1 investigation.[3]
Because the investigation of Mr. McMasters began on November 23, 2009, had to be completed within 60 days or by January 22, 2010. See La. R.S. 40:2531 B(7). But the earliest notification that McMasters received was on July 4, 2010, a full 162 days after the statutory 60-day period expired. This notice, then, was not sufficient to complete an investigation under La. R.S. 40:2531 B(7) because it did not timely alert McMasters as to whether a disciplinary hearing was definitively required. The notice stated, “You will be notified if a disciplinary hearing is required.” This is not sufficient notice to complete an investigation under La. R.S. 40:2531 B(7). This notice is identical to the notice we previously declared deficient in Mulvey, 12-1041, p. 9-10, 108 So.3d at 896-897.
Mr. McMasters did receive a “Disciplinary Hearing Notification” on February 16, 2011 that would have been sufficient to complete the investigation under La. R.S. 40:2531 B(7) because this later notice did inform McMasters of the date of his disciplinary hearing. This later notice, however, was sent over one year after the investigatory period had elapsed.
Thus, the investigation failed to completely comply with the minimum standards of La. R.S. 40:2531 as it was not completed within the statutorily-jrequiredm 60-day investigatory period as set forth in La. R.S. 40:2531 B(7). Consequently, the discipline imposed on McMasters is an absolute nullity. See La. R.S. 40:2531 C.[4]
IY
We now turn in this Part to comment upon two arguments asserted by the *691 NOPD and to explain why we reject them. We address each argument below.
A
First, the NOPD contends that the appointing authority’s investigation complied with La. R.S. 40:2531 because investigations involving criminal activity toll the 60-day period to complete investigations. The NOPD contends it was at the same time also conducting a criminal investigation of Mr. McMasters for a violation of New Orleans Municipal Code of Ordinance Section 54:99, False Imprisonment. The NOPD argues that the last sentence of La. R.S. 40:2531 B(7) provides a tolling of the investigatory period for criminal investigations. This provision states, “Further, nothing in this paragraph shall limit any investigation of alleged criminal activity.” La. R.S. 40:2531 B(7). In support of this contention, the NOPD relies upon Wyatt v. Harahan Mun. Fire and Police Civil Serv. Bd., 06-81 (La.App. 5th Cir. 7/25/06); 935 So.2d 849, and Franklin v. Dep’t of Police, unpub., 10-1581 (La.App. 4th Cir. 4/6/11).
|nWe, in Robinson, however, found the reasoning of Wyatt and Franklin to be unpersuasive. There, we expressed that “[a] common sense reading of the statute means simply that the time limitations do not apply to criminal investigations. In other words, criminal investigations may take as long as necessary.” 12-1039, p. 13, 106 So.3d at 1279. “To read the statute as the NOPD argues would completely eviscerate it; that is, to adhere to the NOPD’s argument would disembowel the Police Officer’s Bill of Rights.” Id.
In both Robinson and O’Hern, we found that the provision in La. R.S. 40:2531 B(7) respecting a criminal investigation of the officer does not create a tolling period affecting the beginning or end of the administrative investigation. 12-1039, p. 13, 106 So.3d at 1279; 12-600 (on rehearing), 111 So.3d at 1052. Thus, the reliance of the NOPD on analyses which we have already rejected is misplaced.
B
Second, the NOPD argues that we should find no merit in McMasters’ assignment of error regarding non-compliance with the minimum time standards set out in La. R.S. 40:2531 B(7) because it was not set forth in his notice of appeal to the Commission pursuant to Uniform Rules, Courts of Appeal, Rule 3-1.1, which requires appellants to state with particularity each separate assignment of error.
The NOPD’s argument is rooted in Uniform Rules, Courts of Appeal, Rule 3-1.1, which requires appellants from a final decision of an administrative body, |12such as the Commission, to state with particularity each separate assignment of error in their notice of appeal (as opposed to in their briefs filed in the court of appeal).[5] To support their argument, the NOPD cites IT Corp. v. Comm’n on Ethics for Pub. Employees, 464 So.2d 284, 292 (La.1985).
Responding to this identical argument, however, we, in Mulvey, recently found that “Rule 3-1.1 [of the Uniform Rules, Courts of Appeal] does not provide a penalty for a violation thereof.” 12-1041, p. 10, 108 So.3d at 897. In Mulvey, we acknowledged the violation of the Rule by the police officer, but “decline [d] to create a penalty for Rule 3.1-1 where the assignment of error does have merit, and the *692 Supreme Court has not held that a violation of Rule 3-1.1 alone requires the assignment of error to be deemed abandoned.” Id. (emphasis omitted). Here again, the NOPD’s reliance on a rejected argument is misplaced.
DECREE
Accordingly, we vacate the New Orleans Civil Service Commission’s denial of the appeal of Thomas McMasters. We declare all discipline imposed, including his dismissal, by Superintendent Roñal Serpas, the appointing authority, an absolute nullity. We order the reinstatement of Mr. McMasters to his prior position along with restoration of all back pay and emoluments. All costs of this appeal are assessed to the appointing authority. See La. C.C.P. art. 2164.
VACATED AND RENDERED.
LOMBARD, J., concurs.

. A party has thirty calendar days to appeal an adverse decision of the New Orleans Civil Service Commission. See La. Const, art. 10, § 12(B). The appeal in this case was filed after the thirtieth calendar day but on the first day following that was not a holiday. The Louisiana Supreme Court has applied La. C.C.P. art. 5059 to La. Const, art. 10, § 12(A), which governs the delay in appealing from the State Civil Service Commission, when interpreting an identical provision governing the timeliness of appeal. See Guillory v. Dept. of Transp. & Dev., 450 So.2d 1305, 1307-8 (La.1984). Because the provisions cover the same topic and similar subject matter and are identical, we conclude that we should interpret the delay for filing an appeal from the New Orleans Civil Service Commission to our court just as the Supreme Court has determined the timeliness of an appeal from the State Civil Service Commission to the first circuit. See La. Civil Code art. 13. This would ensure "uniformity in the computation of all time periods prescribed by law.” Bec *688 nel v. Northrop Grumman Ship Sys., Inc., 09-1318, p. 2 (La.10/9/09), 18 So.3d 1269, 1271.

. See generally, Cornelius v. Dep't of Police, 09-1459, p. 5-6 (La.App. 4 Cir. 6/9/10), 41 So.3d 617, 620-621 (noting the distinction between DI-1 and DI-3 investigations).

. Even if the formal investigation did not begin on November 23, 2009, it will not impact the result of this case. As this investigation stemmed from a formal complaint by Boykins and Davis, the investigation would have to be initiated within 14 days after the date that the complaint was made. See La. R.S. 40:2531(B)(7). In this case, the latest permissible date for this investigation to begin would be December 7, 2009. Notice would still have been sent well after the 60 day investigatory period running from December 7th had elapsed.

. La. R.S. 40:2531 C provides:
There shall be no discipline, demotion, dismissal, or adverse action of any sort taken against a police officer or law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal, or adverse action of any sort whatsoever taken against a police employee or law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity.

. At its semi-annual Meeting on October 7, 2013, the Conference of Court of Appeal Judges amended Rule 3-1.1 to delete the requirement of assigning errors in the notice of appeal filed with a commission or agency. The Conference is the rule-making body for the Uniform Rules. The amendment is effective January 1, 2014.