PER CURIAM.
| VWrit granted. The ruling of the court of appeal is reversed and the decision of the Civil Service Commission is reinstated.
La. R.S. 40:2531 provides certain minimum standards for law enforcement officers under investigation with a view to possible disciplinary action, demotion or dismissal, including time limitations for the investigation. Specifically, La. R.S. 40:2531(B)(7) provides in pertinent part:
When a formal and written complaint is made against any police employee or law enforcement officer, the superintendent of state police or the chief of police or his authorized representation shall initiate an investigation within fourteen days of the date the complaint is made. Except as otherwise provided in this Paragraph, each investigation of a police employee or law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days ... The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disci-plinary hearing or a determination of an unfounded or unsustained complaint. Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity.
Thomas McMasters, an employee of the New Orleans Police Department, became the subject of a complaint on November 28, 2009, alleging that he signed a false arrest affidavit and failed to verify that the arrested individual had a prior arrest and conviction for prostitution within the last twelve months, which is an element of|?the crime for which the individual was arrested. This resulted in the individual’s false imprisonment for prostitution by loitering. The investigation was not completed within sixty days as McMasters did not receive notice of a disciplinary hearing until February 16, 2011. After the hearing, the appointing authority found he violated rules relative to (a) moral conduct by committing false imprisonment, (b) failing to properly verify the arrestee’s record in an arrest for prostitution by loitering, and (c) documenting false or inaccurate information on the affidavit for arrest. He was both suspended for forty days and dismissed from the police department. The Civil Service Commission affirmed this decision. The court of appeal reversed, finding that, because the investigation was not completed within sixty days, the discipline imposed was an absolute nullity.
We reverse. In O’Hern v. New Orleans Police Dept., 13-1416 (La.11/8/13), 131 So.3d 29, which was decided while this case was pending, we interpreted the last sentence of La. R.S. 40:2531(B)(7), providing that “nothing in this Paragraph shall limit any investigation of alleged criminal activity” to mean that the sixty-day time *1164 limitation within which to complete an investigation does not ápply to investigations involving criminal activity. The investigation into Mr. McMasters’s conduct was clearly an investigation of alleged criminal activity. Therefore, the sixty-day time period of La. R.S. 40:2531 does not apply pursuant to our holding in O’Hern.
Accordingly, the judgment of the court of appeal is reversed and the decision of the Civil Service Commission is reinstated.
REVERSED; CIVIL SERVICE COMMISSION DECISION REINSTATED.