PAUL A. BONIN, Judge.
James Young, a sergeant in the New Orleans Police Department, appeals the decision of the New Orleans Civil Service Commission which upheld the discipline imposed upon him by NOPD Superintendent Roñal Serpas, who is the appointing authority. The superintendent issued a one-day suspension upon finding that Mr. Young failed to follow instructions from an authoritative source by not providing Deputy Chief Darryl Albert with a copy of a Disciplinary Investigation 2, or DI-2, report by a certain date and time as ordered. Mr. Young argues on appeal that the Commission’s decision violated his procedural due process rights and that the discipline should therefore be annulled.
Because the appointing authority’s investigation exceeded the maximum time-limitation standards set forth in the Police Officer’s Bill of Rights, codified as La. R.S. 40:2531, we agree that the discipline imposed by the appointing authority is an absolute nullity and accordingly vacate the decision of the Commission.[1] We further order restoration of all back pay and emoluments to Mr. Young.
We explain our decision in detail below.
*194 I
We begin by briefly setting out the facts relevant to this appeal as well as the highlights of this matter’s procedural history.
James Young is a seventeen-year veteran of the NOPD and has attained the rank of sergeant. On November 25, 2011, Mr. Young, a supervisor in the Sixth District, was assigned to special event coverage for the Bayou Classic. One of Mr. Young’s responsibilities as a supervisor was to oversee his subordinate officers. On that date Deputy Chief Darryl Albert observed one of Mr. Young’s subordinate officers, Officer Tracie Medus, who at the time was not wearing her garrison cap, which is a violation of the department’s uniform rules. Reacting to his observation, the deputy chief instructed Mr. Young to issue Officer Medus a DI-2 for this infraction.[2] In giving Mr. Young this order, Deputy Chief Albert claims to have instructed Mr. Young that he wanted a copy of the DI-2 on his desk by Monday, November 28, 2011, at Noon.
Mr. Young successfully initiated and timely completed Officer Medus’s DI-2 for the uniform infraction. Mr. Young, however, did not comply with the deputy chiefs order to him to supply the deputy chief with a copy of Officer Medus’s DI2 by the date and time instructed.[3] Because of this failure, Deputy Chief Albert complained about Mr. Young’s inaction.
Deputy Chief Albert’s complaint against Mr. Young was received by Captain Rose R. Duryea, the Sixth District’s Integrity Control Officer, on November 28, 2011, and she completed the DI-1 by December 1, 2011. The NOPD’s Public Integrity Bureau received Mr. Young’s DI-1 on December 5, 2011.
It was nob until February 23, 2012, that Mr. Young received a Notice of Sustained Complaint from the PIB stating that Deputy Chief Albert’s complaint was sustained. The notice also set a date for the pre-disciplinary hearing. Thus, the investigation was completed on February 23, 2013.
Ultimately the superintendent as the appointing authority disciplined Mr. Young by giving him a one-day suspension, without pay, accrual of annual leave, and sick leave for that period. Mr. Young timely exercised his constitutional right to an appeal from the appointing authority’s disciplinary action to the Commission. See La. Const. Art. X, § 8(A). By way of judgment dated September 6, 2013, the Commission denied Mr. Young’s appeal. Mr. Young then timely appealed the Commission’s judgment to us.
II
A
The Police Officer’s Bill of Rights specifies that certain “minimum standards shall *195 apply” to an internal departmental investigation of an officer such as Mr. Young who is the subject of such investigation. La. R.S. 40:2531 B. The particular minimum standard at issue in this appeal is that the investigation of the officer must be completed “within sixty days” of its initiation. La. R.S. 40:2581 B(7). “The investigation shall be considered complete upon notice to [the police officer] under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint.” La. R.S. 40:2531 B(7).
“There shall be no discipline, demotion, or adverse action of any sort taken against [a police officer] unless the investigation is conducted in accordance with the minimum standards provided for” in § 2531. La. R.S. 40:2531 C. And, most importantly for the purposes of Mr. Young’s appeal, “[a]ny discipline, demotion, or adverse action of any sort whatsoever taken against [a police officer] without complete compliance with the foregoing minimum standards is an absolute nullity.” Id. (emphasis added).
B
There are, however, three exceptions to the sixty-day time limitation under § 2531 B(7). The first is that the appointing authority may petition the Commission for an extension of up to an additional sixty days, and the Commission may grant such an extension if the appointing authority “has shown good cause” for additional time to complete its investigation. La. R.S. 40:2531 B(7). The second exception is that the police officer under investigation and the appointing authority may enter “into a written agreement extending the investigation for up to an additional sixty days.” Id. The third exception is that the sixty-day limitation “does not apply” when the investigation is one of alleged criminal activity. McMasters v. Department of Police, 13-2634, p. 2 (La.2/28/14), 134 So.3d 1163, 1164; La, R.S. 40:2531 B(7) (“Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity.”).
Here, none of these exceptions apply. Thus, the appointing authority was required to complete its investigation within sixty days of its investigation.
Ill
Captain Duryea initiated the investigation on December 1, 2011, as set forth on the DR-1 itself. Thus, NOPD had no more than sixty days from that date, or no later than January 30, 2012, within which to complete its civil administrative investigation of Mr. Young. Because the investigation was not completed until February 23, 2012, the appointing authority unquestionably exceeded the maximum time-limitation and thereby violated one of the minimum standards of the Police Officer’s Bill of Rights.
The Police Officer’s Bill of Rights positively prohibits any disciplinary or other adverse action against a police officer when there has not been, as here, complete compliance with the standard for the time-limitation for the completion of the civil administrative investigation. See La. R.S. 40:2531 C; cf. O’Hern v. New Orleans Police Dept., 13-1416, p. 4 (La.11/8/13), 131 So.3d 29, 31 (“The plain language of the statute suggests a criminal investigation is distinct from a civil administrative investigation.”).
And the Police Officer’s Bill of Rights, as we noted in. Part II-A, ante, declares any such disciplinary action taken without complete compliance “an absolute nullity.” La. R.S. 40:2531 C; see also Mulvey v. Department of Police, 12-1041, p. 9 (La.1/30/13), 108 So.3d 891, 896. The provision of Subsection C imposes a penalty for the violation of the minimum standard. See Landry v. Baton Rouge Dept., 08- *196 2289, p. 11 (La.App. 1 Cir. 5/8/09), 17 So.3d 991, 998. Moreover, Subsection C establishes dismissal of the disciplinary action as the remedy for the appointing authority’s non-compliance with the minimum standard. Id.; Mulvey, 12-1041, p. 10, 108 So.3d at 897 (“Therefore, we find that the investigation by the appointing authority of Officer Mulvey was non-compliant with the minimum standards set forth in La.Rev.Stat. 40:2531(B)(7), and the discipline imposed against him is rendered an absolute nullity.”).
DECREE
Accordingly, we vacate the New Orleans Civil Service Commission’s denial of the appeal of James Young. We declare all discipline imposed, including his one-day suspension, by Superintendent Roñal Ser-pas, the appointing authority, an absolute nullity. We order the reinstatement of Mr. Young to his prior position along with restoration of all back pay and emoluments. See La. R.S. 49:113. All costs of this appeal are assessed to the appointing authority. See La. C.C.P. art. 2164.
VACATED AND RENDERED.

. We pretermit consideration of Mr. Young’s other arguments, which challenge on other grounds the discipline imposed upon him.

. DI forms appear to be documents that the NOPD uses internally relating to discipline and to commemorate and/or inform a police officer of allegations relating to misbehavior or alleged inappropriate acts or actions. See Jones v. Department of Police, 11-0571, p. 1 (La.App. 4 Cir. 8/24/11), 72 So.3d 467, 469 n. 1, citing Williams v. Dept. of Police, 08-0465, p. 4 (La.App. 4 Cir. 10/22/08), 996 So.2d 1142, 1144. A DI-2 form is "used to give an officer an informal disciplinary warning advising an officer that the officer is in violation of department regulations.” Id. A DI-1 form, which was issued to Mr. Young, is "used to initiate a formal disciplinary investigation”. Id.

. When discipline against Mr. Young was first recommended by Major Robert Bardy, his commander, Major Bardy was under the mistaken belief that Mr. Young had not issued the DI-2 at all to Officer Medus. Also, the Commission pointedly did not resolve the factual dispute arising from Mr. Young's testimony that he had not heard the order that the DI-2 was not only to be issued but also that a copy of it was to be furnished to the deputy chief.