LOMBARD, J.,
concurs with reasons,
| pursuant to La.Rev.Stat. 40:2531, an investigation arising from a formal complaint against a police officer shall be initiated within fourteen days of the date the complaint is lodged and “shall be .completed within sixty days.” La.Rev.Stat. 40:2531(B)(7). In 2005, we interpreted “shall” to be mandatory, not discretionary, see Davis v. New Orleans Police Department, 04-1023 (La.App. 4 Cir. 2/2/05), 899 So.2d 37, writ denied, 05-941 (La.5/20/05), 902 So.2d 1057, but the Louisiana Supreme Court subsequently determined that the sixty-day period in the statute was only aspirational because the. statute did not include a penalty for a delay beyond the *122 sixty-day period. Marks v. New Orleans Police Department, 06-0575, 943 So.2d 1028, (La.11/29/06) (abrogating Davis, supra). Accordingly, the state legislature responded in 2007 by adding subsection C which provides “Any discipline, demotion, dismissal or adverse action of any sort whatsoever taken against a law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity.” La.Rev.Stat.40:2531 (C). In addition, the state legislature added a final sentence to subsection (B)(7), providing that “nothing in this Paragraph shall limit any investigation of alleged criminal activity.” La.Rev.Stat. 40:2531(B)(7). In 2012, this court considered legislative additions to the statute and determined that the final sentence in subsection (B)(7) was not meant to |gcreate “a ‘tolling’ period for the administrative investigation to begin or end.” O’Hern v. Department of Police, 12-0600 (La.App. 4 Cir. 12/19/12), 111 So.3d 1037, 1052. Therefore, when initially presented with this case on appeal, we found (in accordance with our precedent) that the criminal investigation of Officer McMasters did not toll the sixty-day administrative investigation period and, thus, the discipline imposed by the appointing authority was an absolute nullity under La.Rev.Stat. 40:2431(C). McMasters v. Department of Police, 13-0348 (La.App. 4 Cir. 10/9/13), 126 So.3d 684. Shortly thereafter, the Louisiana Supreme Court invalidated this decision, interpreting the last sentence of La.Rev.Stat. 40:2531(B)(7) to mean that the sixty-day time limitation within which to complete an investigation is inapplicable to investigations involving criminal activity and reversing this court’s O’Hern decision. O’Hern, 13-1416 (La.11/8/13), 131 So.3d 29. Accordingly, citing its decision in O’Hem, the Louisiana Supreme Court reversed this court’s initial decision in McMasters and remanded it back for consideration of the other assignments of error raised in McMasters’ initial appeal.
Absent strict construction of the sixty-day time limitation in La.Rev.Stat. 40:2531, the record clearly shows that the Commission’s decision to uphold the appointing authority’s termination of McMasters was not arbitrary or capricious. Accordingly, I respectfully concur with the decision of the majority.